# THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. A. J. PEACOCK, APPELLANT.

APPEAL.—SUFFICIENY OF EVIDENCE.—Where evidence is conflicting and there is nothing appearing from the record to show that certain testimony is more reliable than other, judgment will not be disturbed.

NEW TRIAL.—NEWLY DISCOVERED EVIDENCE.—When newly discovered evidence is purely cumulative and no valid reason shown why it was not produced on the trial, a new trial will not be granted.

APPEAL.—OBJECTIONS NOT MADE BELOW.—Objections that were not raised in the court below, and are raised for the first time upon appeal will not be considered by the appellate court.

APPEAL from a judgment of the district court of the third district, and from an order refusing a new trial. The opinion states the facts.

*Mr. T. Maloney,* for appellant.

*Mr. F. S. Richards,* and *Mr. J. H. Moyle,* for respondent.

BOREMAN, J.:

This purports to be an appeal from a judgment of conviction for assault, rendered in the district court on appeal from a justice of the peace.

1. The appellant claims that the evidence does not support the findings of the court, but that "the large preponderance of the more reliable testimony shows that defendant, Peacock, is not guilty of assaulting said householder outside of the saloon door." There is nothing upon the face of the record to show that some of the witnesses were more reliable than the others. The court, sitting as a jury, heard this case, and as such was required to weigh the evidence, and to judge of the reliability of the witnesses. Nothing is made to appear that would tend in the least degree to show that the judgment of the court as to the reliability of the witnesses was at all incorrect; and from a careful reading of the testimony it is manifest that the court was fully sustained in the finding of the defendant guilty. The whole transaction, so far as the assault was concerned, was outside of the saloon, and was an unwarranted and unjustifiable assault.

2. The affidavits for a new trial do not show any grounds for granting the motion. That which purports to be new evidence is purely cumulative, and there is no valid reason offered for the failure to produce it on the trial. The witnesses had been talking with the defendant on business both immediately before and immediately after the occurrence, and were at his side during it. He did not show any diligence in the matter.

3. We see no, error in the memorandum of costs. The defendant was justly chargeable with the attorney's fee, and it was proper to allow it. Whether it should go to the county attorney or to the district attorney is a question between themselves, and about which the defendant has no concern. We are, however, inclined to think that the fee-bill was intended to allow the attorney's fee to the attorney having charge of the case, without regard as to whether it was the county attorney or the district attorney.

4. It is claimed by the appellant that none of the wit-

nesses for the prosecution are shown to have appeared be-
fore the clerk within the two days after the trial, and
claimed their fees, as required by statute. It is not neces-
sary that the cost-bill should show this fact. If, on the
face of the memorandum of costs, the names of the wit-
nesses, the number of days claimed, and the amounts, ap-
pear, the court will, in the absence of any contrary showing,
presume that the witnesses appeared within the statutory
time and claimed their fees. The cost-bill, in the present
case, shows all that is necessary.

The record is very imperfect, but shows that the trial
began and was proceeded with some time in September,
1886, but it does not appear when it ended. The judgment
seems to have been rendered on the fifteenth of December,
1886. The motion for a new trial is stated to have been
made on the same day. But one of the affidavits for a new
trial was sworn to on the first of December, and filed on
the third of December; another was sworn to and filed on
the third of December, and the other one was sworn to on
the ninth of December, but does not appear to have been
filed. The memorandum of costs was filed on the twenty-
ninth of November. From the confusion of dates it is im-
possible for this court to say whether the cost-bill was filed
in time or not. But this objection to the cost-bill cannot
be raised in this court for the first time in the case. It
must be raised in the court below; but this was not done.

The other objection to the cost-bill, that the witnesses of
the prosecution were in attendance in two cases at the same
time, and were allowed attendance fees in both, is not ten-
able. The motion to retax costs contains no such objection.
It is too late to raise it in this court for the first time. It
should have been raised in the court below.

There was no error in taxing the whole costs against the
defendant. The fact that *Thompson* was tried with him
on the same charge, and was acquitted, will not affect the
responsibility of the defendant. The costs against him
would have been no more, nor would they have been any
less, if he had been charged alone and tried alone.

It is due to the court and to the counsel that we should
say that the careless style of throwing the record together,

as is shown in this case, greatly increases the labors of the court, and ought not to be indulged in. It is proper, also, that we should call attention to the fact that, when the statute provides that the judgment and some orders are parts of the judgment roll, it was not intended that this provision should be extended to include whatever counsel may choose to insert in place of these.

We do not perceive that there was any error in the action of the district court. The judgment and order are therefore affirmed.

. ZANE, C. J., and HENDERSON, J., concurred.