GEORGE NAYLOR, RESPONDENT, *v.* SALT LAKE CITY, APPELLANT.

MUNICIPAL CORPORATIONS.—NEGLIGENCE.—STREET.—Where an obstruction had remained in the street a sufficient length of time to give the city notice thereof, and the same was left without guard or light, although there was an electric light near by, a finding of negligence on the part of the city will not be disturbed.

APPEAL.—EXAMINATION OF WITNESSES. — EXCEPTION. — Where no exception appears in the record to the refusal of the court to permit cross-examination of certain witnesses by each of three defendants, the ruling will not be considered on appeal.

DAMAGES.—EXCESSIVE.—APPEAL.—Even though the court is satisfied that a smaller amount of damages would have been sufficient, yet where the amount has been passed upon by the jury and by the court, the verdict will not be disturbed on appeal.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial, Hon. Charles S. Zane, judge.

The appeal was taken only by the defendant Salt Lake

City. The abstract in this case did not show that the requests to charge were incorporated in the statement, nor that the charge of the court was incorporated therein, nor that any assignment of errors was contained therein. As to the questions asked on cross-examination, all the record showed was this: Judge Howatt for the stone company, defendant, finished his examination, then Mr. Critchlow, representing the Salt Lake City Railway Company, a defendant, asked a question, objection was made, and the court said: "If there is any question, suggest it to Judge Howatt. I suppose one attorney ought to do the examining. If each attorney is to cross-examine, it would take too much time." *Judge Hoge:* "If your Honor please, we represent different interests here entirely." *The Court:* "If there is any different"——. Then the examination proceeded, but by whom the record did not show. No exception of any kind was noted.

The charge of the court was, so far as material, as follows. After stating the pleadings and issues, the court proceeded:

"The court charges you, gentlemen of the jury, that it was the duty of the city of Salt Lake, to use all reasonable diligence and care to keep the streets reasonably safe to persons desiring to pass over them in an ordinary mode, whether on foot or horseback, or in a vehicle; and if it became necessary to place materials in the street, in such a place that they might be run over and might be dangerous to persons traveling upon the street, either by day or night, it was the duty of the city to guard the material by some proper means or place some signal thereon such as a light, so that persons would be warned of the position of it. And it would be the duty of the city after notice of the existence of an obstruction, to cause it to be removed with reasonable diligence, and to use all reasonable care and diligence to prevent injury to any person

traveling on the street. While the city has the right to make improvements in the street, it must use due care to warn persons traveling on the street of the making of such improvements, when dangerous to travelers, by placing guards or lights thereon. If the city fails in this it is negligent. It is sufficient, so far as notice to the city is required, for the jury to find from all the evidence that the obstruction had been there such a length of time, under the circumstances, taking into consideration the place and time, that its officers, whose duty it was to observe obstructions and report them, ought to have known of the obstruction by the use of reasonable diligence."

Then followed a charge on the duty of the plaintiff and on the result of contributory negligence. No part of the charge referred to the other defendant, the stone company. A non-suit had been granted as to the railway company.

The instructions requested had reference some of them to the negligence of the Mountain Stone Company and others to Salt Lake City.

*Mr. Enos D. Hoge* and *Mr. E. F. Coad,* for the appellant.

The obstruction was placed in the street by the railway company. Section 2, page 59, session laws of 1890, provides: "That all railway companies when located upon the streets shall keep the same in repair, and for their failure to do so, or if they obstruct the street, they are liable for all damages or injuries to persons or property, and the city is exempt from liability." Since, then, the city was not the author of the obstruction, the railway company is the sole responsible defendant. In any view of the testimony it is certain that the real reason why the plaintiff was injured was not that he was thrown out by the obstruction, but because his wagon was caught by a

street car, and he was carried several feet and then thrown out. This phase of the case the charge ignored. Finally the obstruction was in a well lighted place, and had not been there long enough to give the city notice.

*Messrs. Powers and Hiles* and *Mr. D. N. Straup,* for the respondent.

The question of notice to the city was for the jury. *Sheel* v. *Appleton,* 49 Wis. 125; *Howe* v. *Lowell,* 101 Mass. 69; *Salina* v. *Trosper,* 27 Kan. 544. Where the injury resulted from concurrent acts of two wrong-doers, either or both are liable. *Chicago* v. *Schmidt,* 107 Ill. 186; *Merrill* v. *Clermont,* 58 N. H. 468.

MINER, J.:

This action was brought by the plaintiff against the defendant for damages sustained by him through the alleged negligence of the defendant in permitting obstruction and stone piles to remain in one of the streets of Salt Lake City without being properly guarded and lighted.

It appears that the plaintiff was driving his horse and cart along one of the most populous business streets in the center of the city on the night of December 7, 1891, at a moderate pace, when the wheels of the cart ran upon a stone pile placed within a few feet of the city railway track, which overturned the cart, and threw it against a passing car, which dragged him a distance of ten feet and injured him. There was no guard around the stone pile and no light upon it, but a large electric light was burning a short distance away, which lighted the street.

The Mountain Stone Company had a contract with Salt Lake City to build the crosswalk across the street, and with the City Railway Co. to build its crosswalk between the rails of its track at the place where the accident occurred. Stone were delivered at the place in question and there left

for the completion of the work for the city and the company. The testimony is conflicting as to when and for whom the stone were delivered and how long they had remained upon the ground, but it sufficiently appears that even if the crosswalk had been completed at the time of the accident, yet a pile of unused stone still remained upon the ground in the street where the accident occurred. These stone were the remnant of those left and they had been upon a conspicuous part of the street for a time varying from three to twelve days before the accident, and additions had been made to them from time to time by the Mountain Stone Co. to build these walks in accordance with their contract.

After the plaintiff had rested his case, a non-suit was granted as against the Salt Lake City Railway Company. The jury found a verdict in favor of the plaintiff against the City of Salt Lake for $2,000, and found in favor of the Mountain Stone Company. The motion for new trial was overruled and the city appealed from the judgment, assigning many errors.

The appellant contends that if any liability exists for the injury complained of, it must rest upon the railway company and not with the city, and claims that under Sess. L. 1890, p. 59, sec. 2, (see brief of appellant, *supra,*) that it was the duty of the railway company to keep their tracks in repair, and that under such section the city is not liable. There is no testimony tending to show that the railway track was out of repair or that there was any obstruction upon it at the time of the accident. The stone in question were more than 2 feet from the track in the traveled part of the street over which the city had control and supervision.

The whole question of negligence on the part of the city and the company was submitted to the jury under proper

instructions from the court, and the jury found the issues in favor of the railway company and against the city.

We also find that no objection · or exception was taken to the granting of the non-suit as to Salt Lake City Railway Co., nor was any error assigned upon the making of such order granting a non-suit.

We are also satisfied that the evidence shows that the obstruction had been in the street such a length of time before the accident as to justify the presumption that the city had, or should have had, by the use of reasonable care and foresight, notice of such obstruction a sufficient length of time before the accident to have ·properly guarded or removed the same.

The charge of the court upon this subject was accurate and complete, and the jury found for the plaintiff thereon. It is also claimed that the court refused to allow counsel for the appellant to cross-examine the witnesses claiming that there were three parties defendant who were represented by separate counsel. With reference to this objection the record is incomplete and does not fully show what the ruling was. If such ruling was made no exception was taken to it so far as appears by the record; consequently we cannot consider this question here.

Exceptions are taken to the refusal of the court to instruct the jury as requested and to the instruction as given. We find upon inspection that the abstract does not contain material parts of the charge covering the exception taken. Upon examination of the whole charge as given by the court, we think it fairly covered all the legal questions involved in the case and that there was no error in the refusal of the court to give the requests offered by the appellant.

The jury found a verdict for the plaintiff in the sum of $2,000, and appellant alleges this sum excessive and that

it was given under the influence of passion or prejudice. We have examined the testimony bearing upon the injury received by the plaintiff and are satisfied that while a smaller sum might have been sufficient to satisfy the damages sustained by the plaintiff, yet it is not so clearly excessive as to justify this court in reducing it. This matter having been passed upon by the jury and by the trial court, we do not think it proper to disturb it now.

Upon the whole record we find no error. The judgment of the trial court is affirmed with costs.

BARTCH, J., and SMITH, J., concurred.