D. D. JACKSON *v.* CITY OF GREENVILLE.

DEFECTIVE SIDEWALK. *Improper use thereof. Damage. Liability of city.*
   An adult using a sidewalk near his boarding house, not for travel but for the sole purpose of playing with a dog, is not making such reasonable use of the sidewalk as entitles him to recover of the municipality for injuries sustained because of a defect therein.

FROM the circuit court of Washington county.
HON. R. W. WILLIAMSON, Judge.
The opinion states the case.

*Jayne & Watson,* and *S. Akin,* for appellant.
(1) The place where appellant was injured was a sidewalk dedicated and maintained for public use; (2) it was in a defective condition; (3) the city had actual or constructive notice of its

condition; (4) appellant was injured while on the sidewalk; (5) its defective condition caused his injuries.  Appellant proved these facts, and thus made out his case, and, as appellee introduced no affirmative matter of defense, it was error to direct a verdict for defendant.  We assent to the justness of the rule that denies liability where there is a misuser of a street for unlawful purposes, but the trend of modern authorities is towards placing a more liberal construction upon the uses to which streets and highways may be put.  In cities and towns streets and parks are necessary for the diversion of the inhabitants. It would be as reasonable to hold that a man walking with his children for pleasure and playing with them in his walks along the streets and sidewalks is not entitled to reasonable protection, as to hold appellant disentitled to recovery here.  The city owes the same duty to children at play in the streets as it does to travelers on business.   114 Ill., 222; 108 Ind., 530.  A person stopping to see a procession does not cease to be a traveler. 58 N. H., 430.  So a pedestrian stopping to tie his shoes on a doorstep.   52 Md., 517.  And so a traveler stopping to pick berries.   107 Mass., 347.   At the moment of the accident plaintiff was seeking to catch his dog, which had escaped from him.   Had the dog been in a remote part of the city, and appellant started on his journey to secure him, would anyone question that appellant was properly on the sidewalk?  The court should not enter upon such refinement as to divide the quest for one's property into steps and fractions of steps, so as to hold that the distance covered in the journey was not sufficient to recovery.   If one is actually using a street in going from one point to another, although the distance be very inconsiderable, he should be regarded as a traveler.   58 N. H., 430; 145 Mass., 91; 47 Ala., 45.   See, also, Elliot on Roads & Streets, 474.

*J. II. Wynn*, for appellee.
Municipalities are liable only to travelers, and those going

upon the streets and sidewalks, for the purposes for which they are intended. Dillon on Mun. Cor. (4th ed.), §§ 1015, 1017. One going upon them solely to engage in play, and injured while at play, cannot recover. 90 Mass., 240; 119 *Ib.*, 472; 144 *Ib.*, 491; 67 Maine, 167; 75 Mo., 401. It is not contended that one who goes upon the sidewalk for the purpose of travel, and, while thereon, becomes engaged in play, or that a traveler who stops for legitimate purposes so far loses his character as a traveler as to be barred of recovery, but that one who goes upon the streets for the sole purpose of playing thereon, and is injured while engaged in such play, cannot recover. The municipality owes him no duty.

WOODS, J., delivered the opinion of the court.

This action was brought by the appellant for the recovery of damages for injuries sustained by him in consequence of defects in a sidewalk in the city of Greenville, negligently suffered to exist. To the declaration filed, appellee interposed the plea of the general issue, and gave notice thereunder, (1) that the injury complained of was the result of plaintiff's own negligence; and (2) that, at the time of the injury, and for a reasonable time before, the defendant city had exercised and exhausted all its powers, under the law, to raise money for the repair of its streets, and that all its funds were, at the time mentioned, exhausted. After all the evidence on both sides had been introduced, at the request of appellee, the court instructed the jury, peremptorily, to find for the defendant city, and, from the judgment of the court following such instruction, this appeal is prosecuted.

We shall disincumber our consideration of the appeal by omitting any reference to the notice of exhaustion of power and funds on the part of the municipality, as no evidence to support it was offered, and by omitting any discussion of the question of the contributory negligence of the appellant, and confine ourselves to this single question—viz.: Was the appellant,

at the time of receiving the injury, making such use of the
street and sidewalk as will entitle him to a recovery for hurt
suffered by reason of defects in the sidewalk?

It is elementary law that streets are primarily designed to be
used for purposes of transportation and travel, and the author-
ities are uniform to the effect that, in the absence of any express
statute creating liability, municipal corporations, clothed with
plenary and exclusive control over their streets, are yet liable,
by implication, for injuries resulting to persons properly using
such streets, for failure to maintain the same in a reasonably
safe condition for travel.    That the rule, as stated, is substan-
tially recognized and applied by the courts in cases of statutory
and of implied liability, will appear by examination of the ad-
judications of courts of last resort in both classes, and any
seeming want of harmony will, in most instances, appear to
have arisen from failure to confine the language of the several
courts to the facts of the particular case.

What are the facts, as shown in the evidence introduced on
trial below by the appellant, which are supposed by counsel for
appellee to bar any recovery herein?    We quote from the tes-
timony of the appellant: "The accident occurred in this way:
I had a puppy there, and I took the puppy out on the sidewalk,
and was playing with him, and he jerked loose from me, and I
made a step to catch it, and my foot slipped into one of those
cracks, and jerked me down, and, before I could recover, the
plank flew up and struck me on my leg.    My foot was fastened
in the crack.    It was my right foot in the crack.    I had my
left foot on the ground, and I jerked my right foot up, and the
plank flew up and struck me on the left leg.    It produced a
compound fracture of my leg."

On cross-examination, the appellant said: "I was playing
with a dog when the accident happened.    I went out to the
sidewalk.    I had a pointer puppy there, and was playing with
it.    It tried to get away from me, and my foot slipped off the
plank and went into the crack, and, in reaching over, I tried to

pull my foot out, and the plank flew up and struck me on the leg. My leg was broken. . . The plank ran on the walk crosswise. My foot was caught crosswise. . . Was standing rather crosswise; was not walking along when the accident occurred; was playing with the dog; was going nowhere. . . My face was turned toward the fence—turned south. The dog was running between me and the palings, and I stooped to catch him, and my foot slipped.''

The case thus presented is that of a man of full age using the sidewalk, not for the purpose of travel, either for business or exercise or pleasure, but for the sole purpose of playing with a dog. The appellant had come out of his boarding house to the sidewalk. He was standing, and was not going anywhere. He was playing with the dog, and was standing with his back to the roadway and his face turned towards the palings, when, in an effort to catch the dog, running between him and the fence, he slipped and received his injury. Can it be satisfactorily gathered from the above statement that the appellant, when hurt, was making such reasonable use of the street or its sidewalk, at the time of receiving the injury complained of, as will bring him in the category of those for whom streets and sidewalks are designed? Was he a traveler on or along the street who, incidentally halting or turning aside upon his way, received his hurt? Was the municipality under any duty to appellant to keep in repair the sidewalk so that he might safely use it for the purposes of his play with the dog? Streets, we repeat, are designed for travel, primarily, and, though it must be conceded that one using the street for travel may incidentally cease to move on continuously, and yet not lose his rights as a traveler on the highway, yet it cannot be deduced from this concession that one, not using the street for travel, may nevertheless convert it, or a part of it, into a playground, and, in so using it, if injury occur while so using or misusing the street, by reason of defect in it, hold the negligent municipality liable. To recover, the injured party must

fix liability upon the municipality; and, to fix liability, the sufferer must show a failure on its part to discharge a duty to him. But the duty to repair and keep in reasonably safe condition streets and sidewalks is due only to those using the highways for the purposes of their creation. If a football team appropriate a street to its uses in playing a game, and one of the players fall into a hole in the roadway, and injury result, would anyone be found to say that he could rightfully complain and recover? In such case, the injured player clearly would be frustrating the very end for which highways are ordained, viz., the convenient and safe transportation and travel of property and persons. It seems to us indisputable that one contravening the law of the creation, and the ends for which it was created, cannot be heard to complain if ill befall him because of his own wrongdoing.

Many cases have been examined by us where liability was imposed and recovery had for injuries to children, not of the age of discretion, when playing on streets or highways; but all such cases, on well understood legal principles, are readily distinguishable from the case at bar. *Chicago* v. *Keefe*, 114 Ill., 222, and *Indianapolis* v. *Emmelman*, 108 Ind., 530, cited in the brief of appellant's counsel, are of this character. Our own adjudications are along the same line, in like cases. *Mackey* v. *Vicksburg*, 64 Miss., 777; *McLain* v. *Vicksburg*, 67 Miss., 4.

When we come to consider the cases referred to by counsel, wherein adults received injuries in streets, we shall discover that none of them, on their facts, at all resemble the case at bar. The sinewy, lucid, and caustically humorous opinion in *Varney* v. *Manchester*, 58 N. H., 430, was upon these facts, in a word, viz.: Varney, the plaintiff, went to a certain street in Manchester for the purpose of seeing a procession form on decoration day. He went down one side of the street to the place where the procession was forming, and crossed over the street to get a better view. He stood, looking at the forming of the procession, near a pile of timber, and, after so standing

and looking from three to five minutes, the lumber fell and crushed his foot. Held, a person is "traveling upon a highway" when he is making a reasonable use of a highway as a way, and that the law does not prescribe how long one may stand on a street without ceasing to use the way as a way, but that the question was one of reasonable use, and this was for a jury's determination, if there is any evidence on which they could properly find the use was reasonable.

The case of *Murray* v. *McShane*, 52 Md., 217, is that of an adult lawfully passing along a street and stopping for an instant on a doorsill of a house fronting the street for the purpose of adjusting his shoe, and suffering injury in consequence of a brick falling from a dilapidated wall negligently permitted to remain there. Held, that travelers on a street have not only the right to pass, but to stop on necessary and reasonable occasions, so they do not obstruct the street or doorways.

In *Duffy* v. *City of Dubuque*, 63 Iowa, 171, the facts were that Duffy, who was a workman, went to the corner of two intersecting streets for the purpose of doing some work on a house there situate. After he had unloaded some stuff from a wagon, he went along the sidewalk to a hydrant eight feet in the rear of the house and a foot or two from the line of the sidewalk. While in the act of drawing water from the hydrant, with one foot on the ground and the other on the sidewalk, a section of a roof, negligently left standing near, was blown over by a gust of wind, fell on Duffy and inflicted the injuries of which he complained. Held, that Duffy's stopping to draw water as stated was the exercise of a privilege which he might lawfully enjoy, and was a mere incident to the general use of the street which he was making.

The opinions of the New England courts, where liability, in the character of cases which we are considering, is of statutory creation, and in which, as is sometimes charged, extreme and antiquated views are announced, it will be found, on careful analysis, are not out of general accordance with spirit of the

most, not to say all, of the decisions elsewhere which we have examined. In the case of *Blodgett* v. *City of Boston*, 8 Allen, 237, while the court denies the liability of the city for injuries received by a boy eleven years old who was using the plank sidewalk on the street, with another boy, for purposes of play only, yet the opinion is careful to limit the effect of the decision by saying: "We do not certainly think any narrow or restricted signification should be given to the word 'traveler' as used in the statute. It may well embrace within its meaning, as applied to the subject-matter, every one, whatever may be his age or condition, who has occasion to pass over the highway for any purpose of business, convenience or pleasure.   .   .   We by no means intend to say that a child who receives an injury caused by a defect or want of repair in a road or street, while passing over or through it, would be barred of all remedy against a town merely because, at the time of the occurrence of the accident, he was also engaged in some childish sport or amusement. There would exist, in such case, the important element that the person injured was actually traveling over the way. But this element is wholly wanting in the case at bar."

Here, as in the case just quoted from, the important element of actual use of the way for the purpose of travel is wholly absent. Here, as there, the case shows an appropriation of a sidewalk to a use other than, and inconsistent with, that for which the highway was established. Here, however, the offender against the rights of the public was an adult, and not a child of debatable discretion. Here, in addition, the play with the dog was not a mere incident to the general and proper use of the sidewalk by the appellant in passing along or over it. The city owed him no duty in his situation and using the street as he was doing. The duty was on the municipality to keep and maintain the street in reasonably safe repair for travel, and liability ensued upon injury befalling one going along or over it, whether for purposes of business or pleasure,

by reason of failure to keep and perform this duty. But to one simply using the street or sidewalk as a playground, the city owed no duty to keep its streets for him so engaged in any repair.

*Affirmed.*