# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

JAMES WELSH, APPELLANT, *v.* D. LAMBERT AND E. LAMBERT, RESPONDENTS.

*Appeals from Orders.*

Under Art. 8, sect. 9, Const., providing for appeals from judgments of the district courts, *Held,* no appeal lies from an order overruling a motion to strike out a cost bill nor from an order overruling a motion to strike a judgment from the files, such orders not being final judgments.[1]

*Exceptions.*

*Held,* a further ground for dismissing appeal, that the record does not contain a bill of exceptions or show that any exception was taken.

(Decided September 27, 1898.)

Appeal from the Third District Court for Summit County. Hon. A. G. Norrell, *Judge.*

[1] Irrigation Co. v. Canal Co., 14 Utah, 155; Eastman v. Gurrey, 14 Utah, 169; Watson v. Mayberry, 15 Utah, 265; Bear River Co. v Hanley, 15 Utah, 506; Constitution Art. 8, Sec. 9.

Action by James Welsh against defendants to recover damages for the wrongful use and interference with the water of the South Fork of Weber river, and for a perpetual injunction restraining the defendants from obstructing, diverting or befouling waters of that stream above plaintiff's mill. A verdict of "no cause of action" was returned and judgment for costs entered thereon. Plaintiff moved to strike from files the cost bill and a "certain paper entitled judgment on verdict." From an order overruling plaintiff's motions plaintiff appeals. Respondents move to dismiss appeal on the ground that the orders were not final orders and on the further ground that no bill of exceptions was filed. *Appeal dismissed.*

The opinion states the facts.

*N. V. Jones, Esq.*, and *C. W. Boyd, Esq.*, for appellant.

*W. I. Snyder, Esq.*, for respondents.

BARTCH, J.:

This action was instituted against the defendants to recover damages for the wrongful use and interference with the water of the South Fork of Weber river, and for a perpetual injunction restraining the defendants from obstructing, diverting or befouling the water of that stream above the plaintiff's mill.

The question of damages was submitted to a jury, and it returned a verdict of "no cause of action." Thereupon judgment for costs was entered against the plaintiff, in accordance with a memorandum of costs filed by the defendants. Afterwards the plaintiff made a motion to strike the cost bill, and one to strike a "certain paper entitled, 'judgment on verdict,' from the files." These motions were overruled, and then this appeal was taken from the orders of the court in the premises. The

respondents now challenge the standing of the appellant in this court by motion to dismiss. It is contended in support of the motion that the orders in question are not appealable, and that there is nothing before us of which we can take cognizance, because there is no bill of exceptions in the record. We are of the opinion that these points are well taken. Under repeated rulings of this court such orders are held not to be final judgments, and, therefore, under Art. 8, Sec. 9, Const., no appeal lies from them. Nor does the record contain a bill of exceptions, or show that any exception was taken to the action of the court.

For these reasons the appeal must be dismissed, with costs against the appellant. It is so ordered.

ZANE, C. J., and MINER, J., concur.