A. R. C. SMITH, Respondent, v. A. FISHER, Appellant, and P. HOLM.

No. 1353.   (68 Pac. 849).

1. **Objection to Verdict: When Taken: Appeal.**
   Where in the trial court a verdict was not objected to on the ground that it awarded damages in excess of those claimed in any count of the complaint, and hence was bad on any one, and was bad as to all because it did not specify the damages on each, the objection can not be made on appeal.[1]

2. **Trespass by Sheep: Statutes:  Writ of Attachment: Scope of Remedy: Undertaking: Consideration.**
   Compiled Laws Nevada, section 781, provides that live stock herded or grazed upon the lands of another without the other's consent, contrary to the provisions of the act, shall be liable for all damages done while being so unlawfully herded or grazed, and that the stock may be attached in the same manner provided by

[1]Welsh v. Lambert, 18 Utah 1, 54 Pac. 975; Naylor v. Salt Lake City, 9 Utah 491, 35 Pac. 509; People v. Peacock, 5 Utah 237, 14 Pac. 332.

the general laws of the State, as security for the payment of any judgment which may be recovered for the damages incurred. *Held,* that where an undertaking on attachment was executed in contemplation of the issuance of a writ under section 781, and the writ issued commanded the officer to take all the property of defendant, not exempt, the undertaking was not without consideration, on the theory that the writ was not as contemplated by the statute, in that it embraced all property of the defendant not exempt, since the statute does not limit the attachment to the trespassing stock.

(Decided May 2, 1902.)

Appeal from the Second District Court, Weber County.—
*Hon. H. H. Rolapp,* Judge.

Action against the sureties upon an attachment bond. From a judgment in favor of the plaintiff, the defendant Fisher appealed.

AFFIRMED.

*Messrs. Smith & Putnam* for appellant.

This verdict is clearly bad. The authorities are to the effect that when several distinct causes of action are united in one complaint in separate counts the verdict must find separately upon each count as otherwise it can not be known to which count or counts a general verdict applies. 2 Thompson on Trials, sec. 2640; Bricker v. Mo. Pac. Co., 83 Mo. 391, 394; Lancaster v. Ins. Co., 92 Mo. 460; 22 Ency. Pl. & Pr. 849.

Did the defendant by executing the undertakings set forth become liable to plaintiff for the damages the latter sustained by the levy of the attachments?

We contend that the appellant is in no way responsible for the acts of the officer under these writs. He signed undertakings for writs against certain specified property; the

writs issued and levied direct the officer to attach all the property of the defendant. We made one contract and the respondent is trying to hold us upon another.

It is fundamental law that the liability of a surety is to be strictly construed. Miller v. Stewart, 9 Wheat. 680; Bean v. Parker, 17 Mass. 602; Carter v. Mulrcin, 82 Cal. 167; Elder v. Kutner, 97 Cal. 490; Laveaga v. Wise, 13 Nev. 296.

*W. L. Maginnis, Esq.,* and *James N. Kimball, Esq.,* for respondent.

The appellant procured just what he gave his undertakings for, and by the levy of the writs the respondent lost possession of his property, and suffered damage. Having held the property under the attachments, the law estops the appellant from saying his contract was a *nudum pactum.* Hathway v. Davis, 33 Cal. 161; U. S. v. Bradley, 10 Pet. 343; Moore v. Hadsdon, 5 Mass. 314; Sumpter v. Wilson, 1 Ind. 145.

The undertakings were founded on a sufficient consideration, with the issuance of the writs of attachment, and being on a sufficient consideration were valid as common-law obligations. Palmer v. Vance, 13 Cal. 553; Dore v. Covey, 13 Cal. 502.

There is nothing in the point made by the appellant that the verdict is bad. Where there are two or more counts in the complaint, and the evidence is applicable to both, the jury are not restricted in their finding to either, but may give a general verdict. Porter v. Pequonuoc Mfg. Co., 17 Conn. 249.

BASKIN, J.—A separate and distinct cause of action, based upon an undertaking for an attachment, is alleged in each of the three counts of the complaint. The allegations of each count are as follows: "(1) That on the second day of January, 1901, the Sparks-Harrell Company, a corporation,

began an action in the justice court of Wells township, county of Elko, State of Nevada, against this plaintiff, and caused an attachment to be issued out of said court, and levied upon certain sheep and bucks of plaintiff, then in said county of Elko, and caused the same to be taken in charge by a constable of said township, and retained by him for a period of about one week. (2) That whilst in his charge the said constable so drove and managed the said sheep as to cause a large number, to wit, about 136, to die. (3) That said sheep were bucks and lambs of the value as follows: Bucks, 5, at $15 per head, $75; lambs, 131, at $3.50 per head, $458.50—and plaintiff suffered damage to that amount by reason of such attachment. (4) Plaintiff further says that, in order to defend said suit and discharge the said writ of attachment, he was compelled to, and did, expend the sum of $250 for attorney's fees and traveling expenses, and that he was compelled to, and did, hire an extra man to go and take charge of the said sheep on account of said attachment, and said extra man did go from the city of Ogden out to said sheep at an expense of $100, which sum plaintiff was compelled to pay, and has suffered damage in the said sum. (5) He further says that on the thirty-first day of January, 1901, the said action was dismissed and attachment dissolved. (6) That in the course of said action the defendants herein, in order to assist the Sparks-Harrell Company to procure said attachment and make such levy, duly executed an undertaking, of which the following is a copy: 'In the Justice Court of Wells Township, County of Elko, State of Nevada. The Sparks-Harrell Company, a Corporation, Plaintiff, v. A. R. C. Smith, Defendant. Undertaking on Attachment. Whereas, the above-named plaintiff has commenced, or is about to commence, an action in the justice court of Wells township, in Elko county, State of Nevada, against the above-named defendant, claiming that there is due to plaintiff from defendant the sum of three hundred dollars, gold coin of the United States, for and by reason of defendant

having herded and grazed live stock, to-wit, more than six thousand sheep, without first having obtained the consent of the owner, upon certain lands belonging to plaintiff, situated in said Elko county, and an attachment against the sheep so herded and grazed, as security for the payment of any judgment which may be recovered by said plaintiff as the owner of said lands, has béen demanded; and whereas, said defendant is not residing in said State of Nevada: Now, therefore, we, the undersigned, residents of Elko county aforesaid, in consideration of the premises and the issuing of said attachment, do jointly and severally undertake, in the sum of three hundred dollars, gold coin, and promise, to the effect that if said defendant recovers judgment in said action the plaintiff will pay all costs that may be awarded to the said defendant, and all damages that he may sustain by reason of said attachment, not exceeding the sum of three hundred dollars.   Witness our hands this second day of January, 1901.'   That by reason of said dismissal of said action and dissolution of said attachment, the condition of the said undertaking became absolute, and said defendants became and are indebted to plaintiff for his damages aforesaid in the sum of three hundred dollars, for which he asks judgment."   In the answer of the defendant A. Fisher, he denied each and every allegation of the complaint, except such as were in the answer specifically admitted. The allegation of each count, which was the same as the first and fourth paragraphs of the complaint hereinbefore set out, was admitted, except the following allegations in the first paragraph:   "That the Sparks-Harrell Company caused the sheep and bucks alleged to have been levied on to be retained by the constable for a period of one week."   And it was denied that the sheep were retained for any period exceeding one day. The said defendant also admitted in his answer that the respective undertakings set out in the complaint were executed by him and his co-defendants, but denied that said undertakings were executed for any other purpose than as therein set

forth, and alleged that each of said undertakings was executed and delivered wholly without consideration. The jury returned a verdict against the defendant A. Fisher for $436.60, and judgment was rendered in favor of the plaintiff for that sum and costs. The summons was not served on A. Fisher's codefendants.

1. The first assignment of error presented by appellant is as follows: "The verdict is against law, because it assessed damages against appellant in the gross sum of $436.60, while the complaint asks judgment for $300 on each of the three causes of action; and the verdict is therefore bad on any one count, as in excess of the amount demanded, and is bad upon the three counts as a whole, because it fails to show the damages awarded upon each." It does not appear from the bill of exceptions that any objection was made or exception taken to the verdict at the trial, or that the alleged informality of the verdict was one of the grounds of the motion for a new trial. As this objection was not made and ruled upon in the court below, it can not be raised or considered in this court upon appeal. 2 Thomp. Trials, sec. 690; Welsh v. Lambert, 18 Utah 1, 54 Pac. 975; Naylor v. Salt Lake City, 9 Utah 491, 35 Pac. 509; People v. Peacock, 5 Utah 237, 14 Pac. 332.

2. For the purpose of showing that there was no consideration for the undertaking sued on, because the attachments actually issued and levied were different from the ones recited in the undertakings, there were offered in evidence the complaints, affidavits, and the writs of attachment in the actions mentioned in the complaint; and in connection with these documents, and for the same purpose, the following sections of the Nevada statutes (Comp. Laws) were offered in evidence:

"Sec. 780. It shall be unlawful for any person or persons to herd or graze any live stock upon the lands of another without having first obtained the consent of the owner or

owners of the land so to do: provided, that the person claiming to be the owner of said lands has the legal title thereto, or an application to purchase the same, with first payment made thereon.

"Sec. 781. The live stock which is herded or grazed upon the lands of another, contrary to the provisions of the first section of this act, shall be liable for all damages done by said live stock while being unlawfully herded or grazed on the lands of another, as aforesaid, together with costs of suit and reasonable counsel fee, to be fixed by the court trying an action therefor, and said live stock may be seized and held by writ of attachment issued in the same manner provided by the general laws of the State of Nevada, as security for the payment of any judgment which may be recovered by the owner or owners of said lands for damages incurred by the reason of a violation of any of the provisions of this act; and the claim and lien of a judgment or attachment in such an action shall be superior to any claim or demand which arose subsequent to the commencement of said action."

The refusal to admit in evidence the documents so offered is assigned as error. The writs of attachment so offered were not limited to a levy on the trespassing sheep but commanded the sheriff to attach and keep all of the property of the defendant not exempt from execution, etc. It is conceded that the sheep levied upon were not among those which committed the alleged trespass. The complaints and affidavits for attachment in the Nevada justice court alleged that the defendant unlawfully, and without obtaining the consent of the plaintiff, herded and grazed on the land of the plaintiff 6,000 sheep, to the damage of the plaintiff in the sums mentioned. The affidavits also alleged that the defendant was not a resident of the State of Nevada, etc. It is evident that each undertaking referred to was executed by the obligees in contemplation of the issuance of a writ of attachment of the character designated in section 781 of the Statutes of Nevada, before quoted; and, if

the attachments actually issued and levied were such as contemplated, they constituted a sufficient consideration for the undertakings, and the obligees were bound thereby. By reference to said section it will be seen that it does not limit the attachment to the trespassing live stock therein mentioned, but simply provides that a "writ of attachment issued in the same manner as provided by the general laws of the State of Nevada" may be levied on the trespassing live stock. One of the evident purposes of this provision was to exclude all of such stock from exemption on execution, but there is nothing in the language of said sections that excludes the levy on other property of the defendant which is subject to execution. If the documents offered by appellant had been admitted, they would have tended to strengthen, rather than defeat, plaintiff's claim. Therefore the appellant was in no wise injured in their rejection. This disposes of all the assignments of error presented in the brief of appellant.

The judgment of the court below is affirmed, with costs.

MINER, C. J., and BARTCH, J., concur.