Dow *v.* Town of D'Lo *et al.*

(Division B. Jan. 22, 1934. Suggestion of Error Overruled Feb. 5, 1934.)

[152 So. 474. No. 30941.]

G. Q. **Whitfield**, of Jackson, and **Edwards & Edwards**, of Mendenhall, for appellant.

**W. M. Lofton,** of Mendenhall, for appellee, Town of
D'Lo.

**Butler & Snow**, of Jackson, for appellee, Southern Bell Telephone & Telegraph Company.

Argued orally by **G. Q. Whitfield,** for appellant, and by **George Butler** and **W. M. Lofton,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant was injured severely by falling into a hole on the outer edge of the sidewalk of the street, the said

hole being immediately in front of the residence of the plaintiff. The hole was not an open one, but had been covered over with plank and dirt and by the overlapping of carpet grass, as will be stated later. Plaintiff was sweeping off some accumulated leaves, and, not being conscious of the presence of the hole, she stepped upon its covering, which gave way, and she was thus injured. The town contends that the street and so-called sidewalk had never been taken over for improvement and maintenance by the town, and, if mistaken in this, then that appellant was not using the sidewalk for the purpose of travel, but for a different purpose of her own about which the town owes no municipal duty, relying on this point on Jackson v. Greenville, 72 Miss. 220, 16 So. 382, 27 L. R. A. 527, 48 Am. St. Rep. 553. We lay those contentions aside and place our decision upon other grounds now to be stated.

The measure of the duty of a municipality in the maintenance of its streets is to use ordinary care to keep them in a reasonably safe condition for persons using ordinary care and prudence. McComb v. Hayman, 124 Miss. 525, 535, 87 So. 11; City of Natchez v. Cranfield, 155 Miss. 540, 124 So. 656. There is no assertion in the evidence that the town authorities had actual knowledge of the hole in the sidewalk, but the case is based upon the contention that there was constructive notice. The rule in that respect is that the danger must have been one which should have been discovered by the town authorities on an inspection made with ordinary care and within a reasonable time, and that after such notice there shall have been a reasonable time for the repair or remedy of the danger. There is no fixed requirement as to any formal inspection, or when inspection shall be made or how often, that question depending upon a variety of circumstances, among which are to be considered the size of the municipality, and, therefore, the number of its ac-

tive municipal officers charged with such duties, and whether the location of the defect is on one of the main and much-used thoroughfares, or whether in a remote location not frequently used for general traffic. And while all these questions are usually for the jury, nevertheless, when the evidence is insufficient, it is the duty of the court to so hold and to direct a verdict. City of Greenville v. Middleton, 124 Miss. 310, 86 So. 804. That is to say, it is not permissible, by the device and under the guise of a finding of facts by a jury, that the law of the land shall be altered or amended.

The facts, more in detail, are that about ten years ago the Cumberland Telephone & Telegraph Company was constructing a telephone line in the town of D'Lo, appellee, and at that time it placed one of its poles in front of the residence of the plaintiff, and near the ditch which ran along the street proper, and about five feet from the property fence line a hole was dug for the reception of the pole. The hole was about one foot in diameter and two and one-half feet deep. Mr. Benton, a carpenter, testified, and his testimony is undisputed, that at the time the hole was dug he was at work next door building a garage. While he was at this work, it was decided by the telephone company to locate its line differently, and the pole was taken away, but the hole was not filled up when the pole was removed. Very shortly after the pole was taken away, he was making some repairs on the residence of the plaintiff; he had his lumber on what for the purposes of this case we may term the sidewalk, and, while cutting this lumber for the work he was engaged in, he stumbled over this hole, and he thereupon at once took some pieces of plank that he had cut off, and placed them over the hole and kicked dirt over the plank to keep from falling in the hole again. This, as he says, at another point in his testimony, was about three or four days after the pole that was to occupy the hole had been taken away, and he says that he never afterwards for the intervening

eight or nine years saw or noticed the hole again, although he passed there with some frequency. Another near neighbor testified that she had not seen or noticed the hole until the injury, and the plaintiff herself who had lived there the whole while said she had not seen it, that there was nothing in the situation to attract her attention to it, and she explained that the reason therefor was that "the grass had lapped over it like Bermuda as carpet grass will;" and all the neighbors who testified on the point are in agreement that the existence of the hole was not observable, and gave the stated reasons therefor.

Since then all the neighbors, including the plaintiff herself, who had lived immediately adjacent, all the intervening years had not observed or been conscious of the existence of the hole, the same having been covered over with plank and dirt and by the lapping over it of carpet grass, it must follow that, as to a danger of this nature, the town cannot be charged with the neglect of ordinary care to discover what other persons constantly thereabout, including the nearest neighbors, had not discovered in all these years. The fact that mere passers-by did not observe or discover a dangerous defect is not sufficient to relieve a municipality of constructive notice; but, if the defect or danger be such as not to be observable by those who constantly pass day by day or who for years have lived and labored at the location in question, constructive notice cannot be charged upon the municipality unless the danger was the result of faulty work by the municipality itself. 43 C. J., pp. 1051, 1052. It further follows that, if the town is to be held liable, it must be on the theory that, within the three or four days from the time of the removal of the pole until the hole was covered up by Benton, the town should have discovered the hole and should have filled it. But no such extraordinary and rigid duty can be imposed upon a town in following up in such minute detail the construction work of a public utility, while the work is going on and is yet in an un-

finished state of its progress, especially as to a small town, as we know this to be from the public census of which we take judicial knowledge, and in a remote part and on a little used street, as the testimony shows the location and the street to have been. The peremptory instruction for the town was properly granted.

It is sought to hold the appellee Southern Bell Telephone & Telegraph Company, because in 1926, some two or three years after the digging of the hole and leaving it unfilled by the Cumberland Telephone & Telegraph Company, the latter sold out to the former, and in that conveyance the Southern assumed all the "debts and other liabilities" of the Cumberland. If we admit, but for the sake of the argument only, that it thereupon became the duty of the Southern to make an inspection of all the grounds and works with which the Cumberland had theretofore been concerned, such an inspection made with ordinarily reasonable care would not have disclosed this hidden hole, according to the evidence in this case and the reasonable inferences to be drawn therefrom. And since the peremptory instruction for the Southern Company was properly granted for the stated reason, it is not necessary to examine the other grounds which have been submitted by that company in support of the action of the court.

Affirmed.

## On Suggestion of Error.

**Anderson, J.,** delivered the opinion of the court on suggestion of error.

A post hole was dug in the ground near the sidewalk about ten years before this suit was brought; it was about two and a half feet deep and a foot in diameter. The purpose for which it was dug was abandoned. Three or four days after it was dug it was covered over with

planks, and the planks covered with dirt. The grass grew over it so that it looked about like any other part of the surrounding ground. It was in that condition and had been for several years before appellant was injured. Appellant contends that this hole was a public nuisance, although its presence was not observable and was not ascertainable by reasonable inspection. A public nuisance is an annoyance to the public. In order to be a public nuisance, it must affect the rights enjoyed by citizens as a part of the public; that is, the rights to which every citizen is entitled. 46 C. J., pp. 645, 646, sections 1-3.

Suggestion of error overruled.