BENTZ *v.* LOUISVILLE & N. R. Co.

(Division B.   Nov. 21, 1938.)

[184 So. 448.   No. 33407.]

564

Bidwell Adam, of Gulfport, for appellant.

White & Morse, of Gulfport, and **Smith & Johnston** and **Chas. B. Arendall, Jr.**, all of Mobile, Ala., for appellee.

Argued orally by **Chas. B. Arendall, Jr.**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, plaintiff in the court below, brought suit against the railroad company because of an injury sustained by her in stumbling over a rock alleged to have protruded several inches above the level ground at the Clark street crossing in Pass Christian, Mississippi. It appears that while the plaintiff was crossing the street at this point, where there was no sidewalk, she fell, bruising her knees and elbow, as she claims. There was testimony to the effect that in the highway near the railroad crossing a piece of rock or road material stuck up out of the ground two and a half or three inches, embedded in the traveled way of the street; that the plaintiff had traveled this way frequently, several times each week, and that others had so traveled it; and that none of them had noticed the projecting road material until the plaintiff stumbled over it. The servant of the railroad whose business it was to look after such matters was related to plaintiff, being her son-in-law. It also appears that she had, on a number of occasions, brought suits for personal injuries against various defendants. At the conclusion of the evidence in the case the trial judge granted a peremptory instruction for the defendant company.

It does not appear to us that the proof makes out a case of negligence against the railroad company. It seems that the traveling public, among whom was the plaintiff, had passed over that road frequently, and no one had noticed the presence of this projecting rock. Comparing the proof in this case with that in several cases in which we have held that no liability was established by the absence of a brick in a sidewalk, or some slight obstruction in the street, the proof here is insufficient to show that the company had not exercised reasonable care to make the passing way reasonably safe.

It is no insurer of the safety of streets at its crossings, but is under the duty merely to use reasonable care to make such places reasonably safe for persons exercising ordinary care for their own safety.

The judgment of the court below is affirmed.

Affirmed.