BUFFINGTON *v.* GULF & S. I. R. Co.

(Division A. May 15, 1939.)

[188 So. 563. No. 33713.]

**A. W. McRaney,** of Magee, and **Edwards & Edwards,** of Mendenhall, for appellant.

E. L. & W. W. Dent, of Collins, Lucius E. Burch, Jr., and Clinton H. McKay, both of Memphis, Tenn., and E. C. Craig and V. W. Foster, both of Chicago, Illinois, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant's decedent, during his lifetime, had instituted an action against appellee for an alleged injury to decedent's ankle because of an asserted defect in a grade crossing at a point where a public highway passed over appellee's railroad tracks. The action was revived and prosecuted by appellant as administratrix.

A railroad company is not required to maintain a crossing whereat no injury is possible. The rule is similar to that in regard to municipal streets, and thus the obligation of the railroad company is that it shall exercise reasonable care to so maintain a public crossing that it may be reasonably safe for the use of persons who in such use exercise reasonable care for their own safety. City of Greenville v. Laury, 172 Miss. 118, 159 So. 121; Bentz v. Louisville & N. R. Co., Miss., 184 So. 448.

There is no substantial evidence in the record sufficient to support a verdict that the crossing was such that it could not be safely used by a person who was in the exercise of reasonable or ordinary care. Moreover, the decedent in his deposition, taken shortly before his death, admitted that he walked upon the crossing in the dark without a light and was unable to say finally with such dependable definiteness as is required by the standards of the law, what it was that caused his foot to turn, or where it was, save that it was somewhere on the crossing. There was no other witness present.

The trial judge was correct, therefore, in granting the request for a peremptory charge.

Affirmed.