BRADY, Justice.
Appellee instituted suit against appellant in the Circuit Court of Jackson County, Mississippi, for damages alleged to have resulted from injuries sustained by appellee when his automobile plunged from the road into a canal in the city of Pascagoula, Mississippi. Appellee charged that appellant’s negligence in failing to maintain proper and easy grades in the highway so that the railroad tracks of appellant could be conveniently crossed, as provided for in Mis *135 sissippi Code Annotated section 7779 (1956), was the cause of the accident. A jury verdict and judgment in the sum of $12,000 was entered and it is from that judgment that this appeal is prosecuted.
The record discloses that on January 17, 1965, at about 12:30 A.M., the appellee was driving north in his automobile on what is known as River Road within the city limits of Pascagoula, Mississippi, near the Pascagoula Veneer Mill. He lost control of his automobile, and it plunged into a canal at a bridge on the road north of the place where appellant’s spur tracks, consisting of two sets of four rails each, crossed the River Road leading to the veneer mill. The negligence of which the appellee charged the appellant to be guilty was in not maintaining proper and easy grades in the River Road approach to appellant’s tracks as required by Mississippi Code Annotated section 7779 (1956). Specifically, the declaration alleged that appellant had failed to properly maintain the approaches to its tracks, that the1 tracks could not be conveniently crossed because of large holes in the pavement, and that appellee’s automobile struck the holes, causing him to lose control of the automobile. The appellant’s answer denied each and every material allegation of negligence charged by the ap-pellee and affirmatively asserted that ap-pellee did not stop his car as he approached the railroad crossing, but drove his automobile at a rate of speed too great to negotiate the curve in the River Road where the crossing is located. The answer charged further that the appellee’s automobile trayeled a distance of more than seventy feet north of the nearest rail of appellant’s railroad tracks on River Road before it flipped over the bridge railing and plunged into the northern bank of the canal.
The appellant denied that the appellee lost control of his automobile because of any defects or insufficiency in the space between the rails or approaches thereto and alleged that the injuries and damages complained of were due solely to the negligence of the appellee, who did not exercise reasonable or ordinary care and caution for his own safety as he went upon the tracks of the appellant where they crossed the River Road.
This case stands in a lonely category for the reason that in spite of numerous suggestions and inducements during the examination of the appellee, the only eyewitness, he “sweareth to his own hurt, and changeth not.” This constitutes a durable honor to him. A summary of the appel-lee’s testimony shows conclusively that he did not know what happened; that he lost control of his automobile after it had passed over the tracks and that he did not know what caused him to lose control. He did not know how fast he was going at the time he crossed over the tracks in the curve on the River Road. He did not remember striking the bridge over the canal. He remembered only coming upon the bridge, but he did not know how he got into the ditch or into the canal. The appellee testified as follows:
“Q. Well, I’m asking you at this time if you know. Don’t tell us something if you don’t know. I don’t want you to guess. I want you to tell us the truth and I’m sure that’s what you’ll do.
“A. Well, after I crossed the tracks, I lost control of the ' car.
“Q. It was after you crossed the tracks ?
“A. After I got off of it.”
Appellee further testified:
“Q. So if I understand you correctly, you don’t know how fast you were going?
“A. No, sir.
“Q. You don’t know what caused you to lose control?
“A. No, sir.
“Q. You don’t know what caused you to lose control but you did lose *136 control of your car going toward Escatawpa?
“A. Yes, sir.
"Q. And you did hit the bridge there, didn’t you?
"A. No, sir.
“Q. You didn’t?
“A. No, sir.
“Q. What did you do? Do you remember what happened?
“A. No, but I read it in the paper.
“Q But I’m asking you now what actually happened.
"A. I don’t know what happened.
“Q. You don’t know what happened?
“A. No, sir.
Finally, the appellee was asked this question on re-direct examination by his attorney :
“Q. When did you lose control of your automobile ?
“A. Right after I crossed the tracks. ******
“Q. I ask you whether or not when you crossed that track, if you recall your car having any kind of a jolt or * * *
“BY MR. MURPHY: We object to his leading the witness. The man has testified he didn’t know, Your Honor.
“BY THE COURT: Overruled. Let him answer.
“BY MR. CUMBEST: Did you?
“BY THE WITNESS: No, sir.”
The degree of care which is imposed upon a railroad by Mississippi Code Annotated section 7779 (1956) is found in the following provision:
Where a railroad is constructed so as to cross a highway, and it be necessary to raise or lower the highway, it shall be the duty of the railroad company to make proper and easy grades in the highway, so that the railroad may be conveniently crossed, and to keep such crossings in good order * * *.
This section clearly imposes a public duty on railroads to construct and maintain convenient crossings and to keep such crossings in good order. This statute does not, however, place a duty on the railroad to make grades or to keep crossings in such condition as will make railroad crossings safe and easy under any and all circumstances. Their duty is to make and keep in repair such necessary and easy grades as will permit safe and convenient passage over its roadbed by persons using reasonable care in the use of such crossings. Gulf & Ship Island R. R. v. Simmons, 150 Miss. 506, 117 So. 345 (1928). This well established rule is reiterated in numerous cases including Buffington v. Gulf & Ship Island R. R., 186 Miss. 132, 188 So. 563 (1939); Bentz v. Louisville & Nashville R. R., 183 Miss. 563, 184 So. 448 (1938); Gulf & Ship Island R. R. v. Hately, 191 So. 491 (Miss.1939).
A careful review of the testimony of the appellee in this case convinces us that it provided no evidence of any defect or insufficiency in appellant’s crossing that caused or contributed to the lamentable accident in which the appellee sustained a broken leg and head and scalp wounds. The appellee’s testimony indicated that he entered the curve and crossing as he approached the bridge at a very rapid and dangerous rate of speed. The proof shows that his car traveled ninety-one feet beyond the tracks before it jumped the canal and buried its front end in the northern bank thereof.
The verdict and judgment of the lower court is not supported by substantial competent evidence establishing that the condition of appellant’s crossing was the cause or a contributing cause of the loss of control of the automobile by the appellee *137 and the resulting accident. The well established rule is that where the verdict is not supported by substantial competent evidence or is clearly contrary to the overwhelming weight of the evidence, the verdict will be set aside. Authority for this rule is so well-known that no citation is necessary.
For these reasons, the judgment of the lower court is reversed and judgment is entered here for the appellant.
Reversed and judgment here for appellant.
GILLESPIE, P. J., and JONES, INZER and ROBERTSON, JJ., concur.