GOULD *v.* TOWN OF NEWTON.

(Division B.  March 17, 1930.)

[126 So. 826.  No. 28273.]

**W. I. Munn,** of Newton, for appellant.

J. L. Byrd, of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against the appellee in the county court of Newton county, to recover damages for an injury alleged to have been sustained because of a fall resulting from the unsafe condition of one of appellee's sidewalks. There was a trial which resulted in a directed verdict and judgment in favor of appellee; and from that judgment appellant prosecuted an appeal to the circuit court of the county where the judgment of the county court was affirmed. From the judgment of the circuit court appellant prosecutes this appeal.

The action of the court in directing a verdict for the appellee, and in excluding certain testimony offered by appellant, is assigned as error.

The evidence on behalf of defendant tended to establish the following facts: The main business part of the town of Newton is divided by two streets, one running north and south, and the other east and west. At the southwest corner of the intersection of these streets the alleged injury occurred. Appellant was walking south, in the nighttime, along the west side of the street running north and south. She had crossed the street

running east and west; and on entering the sidewalk after leaving the street, she struck her foot against a two by four stake which was driven in the ground, and protruded about an inch above it.

On entering the sidewalk from the street there is a rise of about six inches from the street level; and between the street curb and the paved part of the sidewalk there is a space of about one foot of unpaved ground in which the stake was driven into the ground something like an inch or two from the curb, protruding, as stated, about an inch above the ground. In order to reach the paved part of the sidewalk there was another rise of about six inches above this unpaved space. This corner was well lighted by electricity.

Appellant had lost one of her legs, and used an artificial leg and foot. She struck her artificial foot against the stake, and was thrown to the sidewalk, breaking her artificial limb, and injuring herself. The stake on which she stumbled was on the sidewalk, in the regular traveled way, and had been there for some time. The evidence tended to show that the town was affected with knowledge of the presence of the stake there, which, protruding only about an inch above the ground, appears to have been rather an insignificant obstruction of the sidewalk, notwithstanding that appellant introduced witnesses who testified that it was a dangerous obstruction of the sidewalk.

The appellee, to sustain the action of the court in directing the verdict in its favor, argues that the evidence showed that appellant was not using ordinary care for her own safety at the time of the injury. The fault in the appellee's position is that, under our Comparative Negligence Statute, chapter 312 of the Laws of 1920 (section 516 of Hemingway's Code of 1927), if it be true that both appellant and appellee were negligent, the question of liability would be one for the jury. We are of opinion that there was sufficient evidence to go to the jury on the question of appellee's negligence.

We are unable to see that appellant suffered any harm from the action of the court in excluding certain testimony offered by appellant. We do not think this question of sufficient merit to require a discussion by the court.

Reversed and remanded.