CITY OF GREENVILLE v. LAURY.

(In Banc. Feb. 4, 1935.)

[159 So. 121. No. 31323.]

Percy & Farish and **S. B. Thomas,** all of Greenville, for appellants.

**Wynn, Hafter & Lake,** of Greenville, for appellee.

Argued orally by **S. B. Thomas** and **W. A. Percy,** for appellant, and by **Jerome Hafter,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee sued, and recovered a judgment against the appellant for a personal injury sustained by a fall on one of appellant's streets, caused by a crevice therein. One of the assignments of error complains of the refusal of the court below to grant the appellant's request for a directed verdict of not guilty.

While walking on the sidewalk of one of the appellant's streets the appellee came to a right angle intersection thereof by another street; when she stepped from the sidewalk into the intersecting street the heel of her shoe went into a depression therein, causing her to fall and be injured. This crevice had been in the street for a sufficient length of time for the appellant to have constructive notice thereof. The evidence as to its width and depth varied from a half inch to three inches, and as to its length from eighteen inches to two feet. The street was swept daily, resulting in dirt therefrom being swept into the crevice so that at times it would be practically

filled by the dirt; but it would wash out during heavy rains.

The appellant owed the appellee, as one of the general public, the duty to exercise ordinary care to keep its streets reasonably safe for use by persons exercising reasonable care and caution. City of Vicksburg v. Hennessy, 54 Miss. 391, 28 Am. Rep. 354; City of Meridian v. Crook, 109 Miss. 700, 69 So. 182, 183, L. R. A. 1916A, 482. Unless the appellant failed to discharge this duty, it is guilty of no negligence, and therefore not liable to the appellee or her injury. Actionable negligence is not determinable alone from the doing of an act resulting in injury to another. Such an act (one prohibited by statute aside) creates liability only when the circumstances attending it are such that the actor should have inferred that the doing of the act "creates an appreciable chance of causing" injury to another. 1 Restatement, Torts, sections 284-289. Or, as expressed in Cumberland Telephone & Telegraph Co. v. Woodham, 99 Miss. 318, 54 So. 890, 891, "the negligent act of a person, resulting in injury, . . . creates liability therefor, when the act is of such character that, by the usual course of events, some injury, not necessarily the particular injury, or injury received in the particular manner complained of, would result therefrom, provided the attendant circumstances are such that an ordinarily prudent man ought reasonably to have anticipated that some injury would probably result from the act done."

In an action at law based on negligence, the question of negligence vel non is for the determination of the jury, unless the doing of the act which caused the injury complained of is not in dispute or conclusively appears from the evidence, and no inference except that of negligence or of no negligence can be justly drawn therefrom, in which event the question is for the determination of the trial judge. Whitney v. Cook, 53 Miss. 551; McCaughn v. Young, 85 Miss. 277, 37 So. 839; Farmer v. Cumber-

land Telephone & Telegraph Co., 86 Miss. 55, 38 So. 775. The question then is, Could the jury have justly said that this crevice in the appellant's street was of such character as to make the street unsafe for use by persons in the exercise of reasonable care, and that an ordinarily prudent person ought reasonably to have anticipated that some injury would probably result therefrom to a person when using the street and exercising reasonable care and caution in so doing? This question must be answered in the negative. It will not be sufficient to say that injury to such a person was possible, and therefore the appellant was liable to the appellee for her injury. In order to render the appellant liable to the appellee injury to some one because of the crevice must have been so probable that a reasonably prudent man should have anticipated that probability.

In City of Meridian v. Crook, supra, the alleged defect in the brick sidewalk on which the plaintiff fell was that "the bricks had become loose, and some of them, as far as the middle of the sidewalk or eighteen inches from the outside edge, were misplaced, leaving a depression the depth of the thickness of a brick." The depression there, together with the loose brick, created a greater probability than here of injury to persons using the sidewalk. Nevertheless, the court had no hesitancy in saying that it imposed no liability on the city for the appellee's injury. That case has been followed both as to depressions and elevations in sidewalks. Lovell v. City of Laurel (Miss.), 116 So. 751; Hænel v. City of Meridian (Miss.), 115 So. 438; Pomes v. McComb City, 121 Miss. 425, 83 So. 636, with which compare Gould v. Town of Newton, 157 Miss. 111, 126 So. 826.

It is said by counsel for the appellee that to hold the appellee here liable would be to run counter to the holding of the court in Gould v. Town of Newton, supra, wherein the court held that injury to a pedestrian by falling over a two by four inch stake protruding one

inch above the sidewalk presented a question for the determination of the jury.

The defect in the street in that case, and the alleged defects in the street here and in City of Meridian v. Crook, supra, are different; for here and in the Crook Case the alleged defects are not objects protruding above the street, but cracks or crevices therein. We are not disposed to disturb the rule of stare decisis and will not do so by leaving Gould v. Town of Newton, supra, out of view. "A precedent is valuable and authoritative only as establishing a rule or principle of law. The rule of stare decisis . . . has a very limited application to cases which turn . . . upon the application of settled legal principles to the facts established in the particular controversy." Black's Law of Judicial Precedent's, p. 198, sec. 64; Leavenworth v. Reeves, 106 Miss. at p. 731, 64 So. 660, at p. 663. Moreover, a difference, sometimes slight, in the facts or in the inferences that can be drawn therefrom may in one case present a question for the determination of the trial judge, and in the other for the determination of the jury.

The measure of the care which a city must exercise in order to keep its streets reasonably safe for use by pedestrians, as hereinbefore set forth, is thoroughly established by the decisions of this court, as is also the rule herein set forth as to when the court should direct a verdict. There is nothing in Gould v. Town of Newton, supra, indicating that the court intended to depart from either of these rules, and all that it there held was that under these rules, the question of negligence vel non was for the determination of the jury. Whether these rules were rightly applied there or not is of no concern here and will be for determination when a case is presented on the same facts as there, for a holding that the rules were wrongly applied there, which we do not mean to intimate was the case, would not disturb the rules themselves. Leavenworth v. Reeves, supra.

Reversed, and judgment here for the appellant.

**Anderson, J.,** delivered a specially concurring opinion.

I agree with the majority opinion as to the result. The court will take judicial knowledge of what everybody knows—that it is almost, if not quite, impossible for municipalities to prevent such crevices in the streets and sidewalks as the one involved, which as a rule are the result of expansion and contraction from heat and cold. The law does not require that high a degree of care. Appellee had herself alone to blame for her injury; a very slight degree of care for her own safety would have prevented the injury.

However, I disagree with the court as to the controlling legal principle, stated thus in the opinion: ''The appellant owed the appellee, as one of the general public, the duty to exercise ordinary care to keep its streets reasonably safe for use by persons exercising reasonable care and caution.'' In other words, reasonable care for those exercising reasonable care. That was common law. But since our comparative negligence statute that formula does not embody the correct principle. It is no longer reasonable care for reasonable care, but such care on the part of the defendant as will reasonably prevent injury to others, whether or not they are using ordinary care for their own safety, provided their want of ordinary care is not the sole proximate cause of the injury. At common law, contributory negligence was a complete defense; it is no longer so under the contributory negligence statute (Code 1930, sec. 511). That means that a higher degree of care is required of the defendant. Alabama & V. R. Co. v. Graham (Miss.), 157 So. 241, recognized and applied the correct principle, although the writer of the opinion undertook to reconcile it with the common-law formula, reasonable care for reasonable care, or ordinary care for ordinary care, which means the same thing. The evidence in that case showed without conflict that the bridge was safe for those using

reasonable care. Mrs. Graham, the driver of the car, failed to use reasonable care for the safety of herself and her husband. The court so instructed the jury. The injury would not have occurred if she had done so. At common law there would have been no liability in that case. The court held there was liability, however, because the railroad company did not exercise that degree of care reasonably necessary to prevent the injury to which Mrs. Graham's negligence proximately contributed. In other words, the court held that her negligence was not the sole cause of the injury; that the railroad company was at fault in not maintaining its bridge in a manner that would ordinarily prevent such injury. The rule, therefore, is now reasonable care to prevent injury to others, regardless of whether they themselves are using reasonable care for their own safety, provided their negligence is not the sole proximate cause of the injury. If it is, there is no liability, even though the defendant has failed in its duty. If the plaintiff is injured solely through his own lack of care, that means, of course, that want of due care by the defendant had nothing to do with the injury; did not contribute to it.