CITY OF HAZLEHURST *v.* MATTHEWS.

(En Banc. October 18, 1937. Suggestion of Error Overruled Dec. 13, 1937.)

[176 So. 384. No. 32751.]

**J. Hunter Garth** and **W. S. Henley,** both of Hazlehurst, for appellant.

Myron S. McNeil, of Hazlehurst, and J. M. Stevens, Jr., of Jackson, for appellee.

Argued orally by **J. Hunter Garth**, and **W. S. Henley**, for appellant, and by **Myron S. McNeil**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action in the circuit court of Copiah county against appellant, City of Hazlehurst, to recover damages for an injury received by him in falling over a penny scales platform which protruded a short distance over a sidewalk of the city, upon the alleged ground that such protrusion made the sidewalk unsafe for pedestrians, and that the city was negligent in permitting it. There was a trial resulting in a verdict and judgment in appellee's favor in the sum of $10,000. From that judgment the city prosecutes this appeal.

The court refused the city's request for a directed verdict. That action of the court is assigned and argued as error. We are of the opinion that the request should have been granted, and reach that conclusion from the following considerations: Gallatin street runs east and west; both the street and sidewalk are paved; the sidewalk on the north side of the street is 9 feet wide. Some years ago Allred and Segrest constructed two brick business buildings on the north side of the street, the south walls being about 19 inches from the north edge of the sidewalk; they had this space of 19 inches paved. They permitted another person to place the penny scales against the dividing wall of the two buildings; the platform to the scales was 13½ inches wide at the bottom, 11½ inches wide at the top, approximately 5 inches high and 23 inches long; therefore, the platform extended over the sidewalk about 4½ inches. Appellee had been an employee of Allred for several

years. He was thoroughly acquainted with the location of the scales and their protrusion over the edge of the sidewalk. He and one Strahan were engaged in a fight at night, and, according to appellee's testimony, Strahan was the aggressor and was pursuing him along the sidewalk with a drawn knife. In his retreat appellee was backing along the sidewalk when he stumbled over the protruding platform of the scales. The fall resulted in a serious injury.

There is no trouble about the governing principles of law. The difficulty comes in their application. Whether a directed verdict should be granted is always a mixed question of law and fact. It is true that the court is not called upon to decide the issue of fact one way or the other, but it is called upon to decide whether there is an issue of fact under the law to go to the jury. The duty of a municipality to keep its streets and sidewalks reasonably safe for the traveling public is not an absolute one. Reasonable care to keep them reasonably safe for those using them with due care is the criterion. If the obstruction or the defect is one that the municipality in the exercise of ordinary care could not have reasonably foreseen would cause some injury, there is no liability.

In City of Meridian v. Crook, 109 Miss. 700, 69 So. 182, L. R. A. 1916A, 482, the defect in the sidewalk causing the injury was a depression about 3 inches deep, 3 inches wide, and the length of one or two bricks. Mrs. Crook stepped into this hole, tripped and fell, and was injured. The court held that there was no liability on the part of the city; that the defect was one that the city in the exercise of ordinary care could not have reasonably foreseen would result in injury to a person using the sidewalk with due care.

In City of Greenville v. Laury, 172 Miss. 118, 119, 159 So. 121, the plaintiff caught her heel in a crevice in a street and fell. The crevice was "half-inch to three inches in width and depth and 18 inches to 2 feet in length."

The court followed the Crook Case and others along the same line.

In Gould v. Town of Newton, 157 Miss. 111, 126 So. 826, this doctrine was applied. On its facts, however, it was close to the feather-edge whether or not a directed verdict was proper. The facts in that case were that the obstruction was in the traveled way for pedestrians, and was a ''two by four stake which was driven in the ground, and protruded about an inch above it.'' The defects in the other two cases were depressions instead of protrusions.

Here we have a sidewalk 9 feet wide, wide enough for at least four persons to walk abreast without crowding or inconvenience, and still be free of the danger of coming in contact with the protruding platform of the scales.

Reversed, and judgment here for appellant.

**McGehee, J.**, did not participate in the decision of this case.

### DISSENTING OPINION.

**Ethridge, J.**, delivered the dissenting opinion.

I do not dissent from the law applicable to this case, for the following cases, City of Meridian v. Crook, 109 Miss. 700, 69 So. 182, L. R. A. 1916A, 482, City of Greenville v. Laury, 172 Miss. 118, 159 So. 121, and Gould v. Town of Newton, 157 Miss. 111, 126 So. 826, announce the same principles. The difficulty comes when these principles are to be applied to the specific facts in each particular case.

The court below submitted the question of liability to a jury as to whether Matthews was the aggressor in the fight involved in this suit, holding that if he was not the aggressor, he had the right to use the street in retreating from danger.

The situation in the case at bar is that the city had laid out a street a certain width, but the property own-

ers had set their buildings back approximately 19 inches from the sidewalk, and had filled in this space with concrete on a level and connected with the street in such manner as to indicate that it was a part thereof. On this concrete fill between the buildings and the sidewalk there had been placed a penny weighing scale which extended onto the sidewalk proper 4 inches or more, and which was of sufficient height and width as to constitute a danger present in the street, and this the mayor admitted was known to the city for a long time, and which the city took no steps to have removed.

The rule is that if any injury can be reasonably contemplated from a dangerous situation, or an improperly constructed street, the city will be liable, although it might not contemplate a particular injury therefrom. The jury was warranted in believing that Strahan was the aggressor, for Matthews so testified, and, as I view the record, there is nothing to contradict his testimony in that regard. According to the evidence, Strahan drew his knife and assaulted Matthews, whereupon he struck Strahan with his fist, and backed away pursued by Strahan. Near the sidewalk was a Coca-Cola sign on the concrete laid by the property owner, and he held this sign between himself and Strahan, who was advancing with a drawn knife. Matthews was retreating backward, being unable, under the then conditions, to turn and flee, and was acting with the discretion attributable to a prudent man under like circumstances, according to the evidence of appellee, and the jury was warranted in so finding. If Matthews had been the aggressor in the difficulty, he might be estopped by his own wrong from claiming damages; but the testimony shows that Strahan was the aggressor. A person has the right to use streets for traveling and for retreating from danger, or when he is trying to prevent an injury to himself in the manner disclosed by the evidence in the case at bar.

While not basing this opinion on the fact that the paved part between the original sidewalk and buildings constituted a part of the street, I think it did so, because when the concrete was extended from the sidewalk to the nearby buildings, making the appearance of a street the entire way, the public had the right to regard it all as the street, and manifestly the city so treated it, as well as the traveling public.

Under these facts, I think there was liability to appellee for his injury, and, since it was severe and serious, the verdict is not excessive, and I think the judgment should be affirmed.