MING *v.* CITY OF JACKSON.

(Division B.  September 22, 1947.)

[31 So. (2d) 900.  No. 36432.]

J. Ed. Franklin, of Jackson, for appellant.

**E. W. Stennett** and **Butler & Snow,** all of Jackson, for appellee.

Argued orally by **J. Ed Franklin,** for appellant, and by **Chas. B. Snow,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant brought suit to recover damages suffered from a fall allegedly caused by the negligence of appellee in allowing a hole to remain in one of its sidewalks. From a verdict and judgment for the defendant, plaintiff appeals.

The declaration was in two counts, the first predicated upon negligence in causing the defect or suffering it to remain; the second upon a failure to erect and maintain street lights near the place of injury. The second count also carried forward the allegations of the first count. The injury occurred about 10:30 p. m. while plaintiff was returning to her home from a neighbor's house.

The assignment of errors includes the action of the trial court in striking the second count; in giving certain instructions for the defendant; and in the exclusion of certain testimony.

The declaration described the defect in the sidewalk as a hole about eight inches in diameter, about four and a half inches in depth, through the center of which an iron pipe, of a diameter of three and a half inches, protruded. Testimony for the plaintiff substantially supported these allegations, and supported the contention

that the defect had existed for a period variously asserted to be from five months to three years.

The defense set up was that there was no such hole and that plaintiff was not injured as a result of stepping therein. We need not detail the testimony on this issue. It is sufficient that there was a sharp conflict in the testimony on this point. A defect of the nature alleged in the declaration and as testified to by plaintiff's witnesses and as shown in photographs exhibited may well be considered dangerous. On the other hand, the witnesses for the defendant who had observed the sidewalk for periods running from two to seventeen years, testified that the photographs exhibited did not reflect its condition. Some of the younger witnesses testified that they had often skated upon the sidewalk at that point, others that they had regularly swept the sidewalk. All testified that the spot picture there had been at most only a slight depression described as "saucer-like," about seven and half inches in diameter and from one to two inches at its center. There was testimony that there had been some cleaning out of the area after the accident and before photographs were made.

It is seen, therefore, that if the jury accepted the testimony of plaintiff's witnesses it may have been warranted in finding negligence. Had they accepted defendant's testimony no negligence could be found. City of Meridian v. Crook, 109 Miss. 700, 69 So. 182, L. R. A. 1916A, 482; Pomes v. McComb City, 121 Miss. 425, 83 So. 836; City of Hazlehurst v. Mathews, 180 Miss. 42, 176 So. 384; City of Greenville v. Laury, 172 Miss. 118, 159 So. 121.

The foregoing cases do not attempt to set up a standard of reasonable care measureable by a yard stick. They are consistent in holding that in each case the deviation in elevation remained within the bounds of reasonableness. Nor do they exclude the possibility that there may remain residual danger. Exposure of the public to danger is not negligence if there is no unreasonable risk imposed by the actor, and even so, there is no actionable negligence

if the actor has used reasonable care to maintain its sidewalks reasonably safe for use by reasonably careful persons. Supreme Instruments Corp. v. Lehr, 190 Miss. 600, 625, 199 So. 294, 1 So. (2d) 242; City of Greenville v. Laury, supra; City of Meridian v. King, 194 Miss. 162, 11 So. (2d) 205, 830.

We have frequently emphasized the fact that danger and negligence are not synonymous, nor is the existence of a defect, of necessity, either danger or negligence. It results, therefore, that if the jury should accept the appellee's testimony as correct there would have been no negligence shown. The jury's verdict for the defendant carries the inescapable implication that a hole did not exist. Under the circumstances there could be no reversible error, if error at all—which we need not decide—in striking the second count. There could be no duty to use means to protect or guard against that which it is not negligence to maintain.

The instructions complained of embodied and relied upon the principles set forth in the cases above cited and are not objectionable. The fourth instruction by quoting from the discussive portions of former opinions, assumed an editorial aspect which we have often discouraged. The legal principles, however, were correctly stated and no prejudice may be inferred therefrom.

Appellant's objection to the exclusion of certain proffered testimony concerns attempts to show by opinions of certain witnesses that the alleged hole was "dangerous." It is seen at once that the inquires sought to elicit the opinion of lay witnesses in a matter to which general knowledge may supply an answer. Unless the circumstances are unusual or the situation complicated by factors not susceptible of depiction by description or photograph, the ordinary witness can add no special knowledge to that possessed by the jury.

Lay opinion is ordinarily excluded as to such qualities of human behavior as care, safety, propriety, reasonableness or their opposites. This is a field distinct from

matters of distance, time, speed, weight and the like. See Rule 401, Comment (a), A. L. I. Model Code of Evidence; 32 C. J. S., Evidence, Secs. 485, 486; 20 Am. Jur., Evidence, Secs. 765, 819; McKelvey on Evidence, 5th Ed., Sec. 180, p. 335; Wigmore on Evidence, 3rd Ed., Sec. 1924.

Appellant cites Gould v. Town of Newton, 157 Miss. 111, 126 So. 826, to support his contention upon this point, quoting the following language from the opinion, ''Appellant introduced witnesses who testified that it was a dangerous obstruction of the sidewalk.'' There is misunderstanding here. This Court was not quoting but summarizing the testimony. The only offer to elicit an opinion that the sidewalk was 'dangerous' was rejected by the trial court upon objection. For us to state that plaintiff's testimony here revealed danger would be a far cry from allowing a witness to so characterize it.

We find no ground for overturning the verdict and judgment.

Affirmed.