348 So.2d 243 (1977)
MERCY REGIONAL MEDICAL CENTER
v.
Camille C. DOIRON.
No. 49210.
Supreme Court of Mississippi.
July 6, 1977.
Rehearing Denied August 3, 1977.
Ramsey, Bodron, Thames & Robinson, Lee Davis Thames, Vicksburg, for appellant.
Teller, Biedenharn & Rogers, Landman Teller, Jr., Vicksburg, for appellee.
Before INZER, P.J., and SUGG and LEE, JJ.
SUGG, Justice, for the Court.
This is a negligence case from the Circuit Court of Warren County. Mrs. Camille C. Doiron was awarded $25,000 damages as a result of injuries sustained when she fell on a stairway situated on the property of defendant, Mercy Regional Medical Center. The question presented in this case is: Did the Hospital's failure to provide a handrail on steps to a parking lot constitute a breach of its duty to use ordinary care in keeping its premises in a reasonably safe condition?
Plaintiff enrolled in the School of Nursing at Mercy Regional Medical Center in August, 1972. During orientation the hospital officials explained to the students that they would be required to park in the lower parking lot located across the street from the Hospital down a grassy hill. Concrete steps lead from the lower parking lot up the hill to the street adjacent to the Hospital. There are thirty steps, four feet wide, with gutters on both sides leading from the lower parking lot to the street. The steps were constructed of concrete with a five and one-half inch riser and a twelve inch tread. No complaint is made about the width of the tread, or the height of the riser, but the negligence charged is that the defendant failed to provide a handrail to be used by persons ascending and descending the steps.
On the afternoon of December 13, 1972 plaintiff, accompanied by a fellow student, was descending the steps leading to the lower parking area. Approximately halfway down the steps plaintiff lost her balance for no apparent reason, unsuccessfully attempted to grab for something to enable her to regain her balance, and fell to the ground on the right side of the steps. There was no debris on the steps, the steps were not wet or slippery and the condition of the steps did not cause her to lose her balance. Her sole charge of negligence was the absence of a handrail on the steps. She *244 testified that had there been a handrail she would not have fallen.
Defendant requested a peremptory instruction which was refused and, following the verdict of the jury, filed a motion for a judgment notwithstanding the verdict. In Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975) we held that the evidence considered on a request for a judgment n.o.v. embraces the testimony on behalf of plaintiff as well as that of the defendant, there being no difference between that considered for a peremptory instruction and a judgment n.o.v. because the latter is entertained only to correct the court's error in refusing a requested peremptory instruction.
We further stated in Paymaster that the jury resolves conflicts of fact while the court resolves issues of law arising from non-conflicting facts. There was no conflict in the evidence so the issue of negligence was for the court.
City of Greenville v. Laury, 172 Miss. 118, 159 So. 121 (1935) was cited with approval in Supreme Instruments Corp. v. Lehr, 190 Miss. 600, 199 So. 294, Sugg. of Error Sustained, 1 So.2d 242 (1941). In Laury, we held:
In an action at law based on negligence, the question of negligence vel non is for the determination of the jury, unless the doing of the act which caused the injury complained of is not in dispute or conclusively appears from the evidence, and no inference except that of negligence or of no negligence can be justly drawn therefrom, in which event the question is for the determination of the trial judge. Whitney v. Cook, 53 Miss. 551; McCaughn v. Young, 85 Miss. 277, 37 So. 839; Farmer v. Cumberland Telephone & Telegraph Co., 86 Miss. 55, 38 So. 755. (172 Miss. at 122; 159 So. at 122).
In Supreme Instruments, supra, we held:
Requisite care remains always that degree of care commensurate with appreciable danger appraised in terms of ordinary prudence and interpreted in the light of the attendant circumstances. Application of this principle leads to results which give play to such varying factors as time, place, and purpose. Although the expression and the basis of the rule remain fixed, its flexibility permits accommodation to each particular case. The area of factual doubt within which juries should be allowed to function is circumscribed within a circle of which care is the axis and reasonableness the radius. Within this area reasonableness is to be adjudged by reasonable men, and their right to differ is commensurate with their duty to consult. Beyond this limit lies the field of substantive law. Here are found those issues as to which reasonable men should not be in disagreement. It is here that `the court is not called upon to decide the issue of fact one way or the other, but it is called upon to decide whether there is an issue of fact under the law to go to the jury.' City of Hazlehurst v. Matthews, 180 Miss. 42, 176 So. 384, 385. As was said by Cardozo, J., in People v. Galbo, 218 N.Y. 283, 112 N.E. 1041, 1045, 2 A.L.R. 1220, `insufficient evidence is ... no evidence.' Absence of a handrail under the circumstances cannot be held to be negligence, much less a contributing proximate cause of the injury. Any defect, therefore, was not in the step but in the stepping. No negligence may be predicated upon the construction or maintenance of the step in question. (Emphasis Supplied) (190 Miss. at 627, 1 So.2d at 245).
In Supreme Instruments, the case was first affirmed by this Court which divided three  three on the question of affirmance. On suggestion of error the case was reversed and judgment rendered for the appellant who was the defendant in the trial court. In a dissenting opinion when the case was originally before the court, Justice Griffith stated:
Inasmuch, then, as all the facts respecting the condition of the steps were undisputed and every feature of common *245 knowledge or common experience which the jury could apply belonged also to the judge, what was there to submit to the jury as regards the condition of the steps, except to allow them to alter or amend the law of the land under the guise of a finding of facts? We have repeatedly said, as for instance in Dow v. Town of D'Lo, 169 Miss. 240, 247, 152 So. 474, 475, that "it is not permissible, by the device and under the guise of a finding of facts by a jury, that the law of the land shall be altered or amended." (Emphasis Supplied) (190 Miss. at 620, 199 So. at 298).
When the Court reversed its original holding, the principle expressed by Judge Griffith in his dissent was adopted by the Court in different language.
The duty of care owed by the defendant to the plaintiff is well established in our jurisprudence. In Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473 (Miss. 1967) we stated:
The plaintiff bases her claim against the defendants upon the theory that since the plaintiff was a customer of the defendant, Morgan & Lindsey, it was the duty of the operator of the business to exercise reasonable or ordinary care to keep the store premises in a reasonably safe condition for the use of its business invitees. There can be no doubt that this is the general rule throughout the United States (65 C.J.S. Negligence § 63(130) (1966), and it is also the rule in this state. Gulfport Winn-Dixie, Inc. v. Taylor, 246 Miss. 332, 149 So.2d 485 (1963); Wallace v. J.C. Penney Co., 236 Miss. 367, 109 So.2d 876 (1959); Daniels v. Morgan & Lindsey, Inc., 198 So.2d 579 (Miss. 1967).
.....
The rule is set out in 38 Am.Jur. Negligence § 96 (1941), at 754-56, as follows:
`The rule is that an owner or occupant of lands or buildings, who directly or impliedly invites others to enter for some purpose or interest or advantage to him, owes to such persons a duty to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purpose of invitation, or at least not to lead them into a dangerous trap or to expose them to an unreasonable risk, but to give them adequate and timely notice and warning of latent or concealed perils which are known to him but not to them. Summarily stated, to the extent of the invitation given, a property owner owes to an invitee the duty of prevision, preparation, and lookout. An owner in occupation of the premises violates his duty to an invitee when he negligently allows conditions to exist on the property which imperil the safety of persons upon the premises. For such violation, he is responsible in damages to the injured person, provided, of course, due care was exercised by that person.'
On the other hand, it is also a general rule that:
`A customer in a store is bound to take ordinary or reasonable care for his own safety. Upon entering a store, a customer is required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence and prudence would exercise under the same or similar circumstances. He must make a reasonable use of his own faculties to observe and avoid dangers upon the premises.'
38 Am.Jur. Negligence § 199 (1941) at 879. (203 So.2d 475-476).
In this case the defendant owed the plaintiff the duty of exercising reasonable or ordinary care to keep its premises in a reasonably safe condition for the use of plaintiff who was an invitee. The question then may be simply put, did the defendant exercise reasonable care to keep its premises in a reasonably safe condition? It is true that a handrail may have afforded the *246 plaintiff a means of regaining her equilibrium when she accidentally stumbled while descending the steps. It is also true that if a fellow employee had been stationed there to catch her the injury might have been avoided, but we are not dealing here with the question of making premises absolutely safe but with an alleged failure to exercise reasonable care to maintain the premises in a reasonably safe condition.
Most, if not all of us, use steps almost daily. Certainly any reasonable person recognizes the necessity of maintaining his balance when ascending or descending a stairway. Absent an unknown or concealed defect in a stairway, if it is otherwise reasonably safe, no negligence exists. In Supreme Instruments, we stated:
`The court is not ignorant of common devices and common dangers, and no admission or expert opinion can establish liability where common knowledge shows that there was no danger so substantial that a reasonable man in the position of the defendant would have anticipated injury and guarded against it.' See also Haddon v. Snellenburg, 293 Pa. 333, 143 A. 8; Toscani v. Quackenbush Co., 112 N.J.L. 173, 170 A. 212; Stark v. Franklin Simon & Co., 237 App.Div. 42, 260 N.Y.S. 691; Dickson v. Emporium Mercantile Co., 193 Minn. 629, 259 N.W. 375; Boyle v. Preketes, 262 Mich. 629, 247 N.W. 763, 765. In the last named case the Court said: `It has long since been recognized that falling downstairs, where the mishap was not imputed to unknown or concealed defects, belongs to that class of ordinary accidents which ought to be imputed to the carelessness or misfortune of the sufferer.' (Emphasis Supplied) (190 Miss. at 626, 1 So.2d at 244).
In this case the steps were built on the ground which sloped gradually down from the street to the lower parking lot and did not constitute a hazard to one using due care when using them. This case does not fall within the rule that, where facts are undisputed, but reasonable minds may draw different inferences as to negligence therefrom, solution of the issue of negligence should be left to the jury. We are of the opinion that plaintiff's injury belongs to that class of ordinary accidents which are properly imputed to the carelessness or the misfortune of the one injured.
The peremptory instruction requested by the defendant should have been given.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.