566 So.2d 1225 (1990)
Tommy McGOVERN
v.
Clayton SCARBOROUGH d/b/a Sonny's Barbeque.
No. 89-CA-0030.
Supreme Court of Mississippi.
August 8, 1990.
Stan Perkins, Greenville, for appellant.
J. Murray Akers, Greenville, for appellee.
Before HAWKINS, P.J., and ANDERSON and PITTMAN, JJ.
*1226 HAWKINS, Presiding Justice, for the Court:
Tommy McGovern has appealed from a judgment rendered upon a directed verdict in favor of the defendant Clayton Scarborough in the circuit court of Washington County. McGovern as an invitee to Scarborough's place of business sued because he stumbled on the threshold to the entrance door, alleging it was unsafe and dangerous.
We find no evidence from which a jury could find this door entrance was not reasonably safe, and affirm.

FACTS
During November, 1984, Scarborough had a part-time barbeque place in Greenville, where he sold barbeque, slaw and baked beans two or three days a week, under the name "Sonny's Barbeque." He was living with his mother, who helped him prepare food for his business. At home Scarborough shared in the food expenses with his mother and stepfather, McGovern.
On November 27, 1984, shortly before 4:00 p.m., Scarborough asked McGovern to drive him over to the building where his stand was located. At the time Scarborough had no transportation. Besides giving him his ride, McGovern was going to help Scarborough on his inventory to determine what was needed for the following day's business. McGovern had not been to the building in, as he testified, "quite a while."
Scarborough unlocked the front door and went inside. McGovern shortly followed, and as he stepped through the open front door, he stumbled on the door's threshold and fell forward. He attempted to grab a chair as he was falling, and his head hit a counter. McGovern suffered a ruptured cervical disk from the fall.
Scarborough testified that before the accident the threshold under the door was bad, and he had to replace the door. The new door was too long, but in cutting it he cut it too short. The existing threshold was either a one by four inch or a one by six inch board, over which was an aluminum cover with a rubber seal. Scarborough said that he replaced the threshold board with a two by four inch, which was actually one and three quarter inches by three and three-quarter inches. He replaced the aluminum cover on top of the new board.
At trial two pictures of the door taken April 21, 1987, were offered into evidence, Scarborough testifying that they accurately portrayed the door's condition on the date of the accident. The floor of the interior of the building was some kind of tile laid on concrete. From the photographs, it appears that, aside from the threshold, the floor was at least two inches higher than the exterior walkway. Thus, a person would have to step up to enter the building, in any event. On the pictures the aluminum threshold cover is a different color than the floor, the door stop and the door itself, and is in plain and open view.
At trial, when the plaintiff had rested, the circuit judge sustained a motion for a directed verdict, finding that the doorway "was open and obvious and did not constitute a hidden peril," and that the "Plaintiff was negligent in failing to watch where he was walking and this negligence was the sole proximate cause of the Plaintiff's injury."
The circuit judge based his ruling on two decisions of this Court, Kroger, Inc. v. Ware, 512 So.2d 1281 (Miss. 1987), and Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473 (Miss. 1967).
McGovern has appealed.

LAW
In City of Greenville v. Laury, 172 Miss. 118, 159 So. 121 (1935), the plaintiff was stepping from the sidewalk into the street, and caught her heel in a crevice in the street one to three inches wide and deep, and eighteen inches to two feet in length. In reversing and rendering a judgment for the plaintiff this Court held:
Actionable negligence is not determinable alone from the doing of an act resulting in injury to another. Such an act (one prohibited by statute aside) creates liability only when the circumstances attending *1227 it are such that the actor should have inferred that the doing of the act "creates an appreciable chance of causing" injury to another.
172 Miss. at 122, 159 So. at 121.
The question then is, Could the jury have justly said that this crevice in the appellant's street was of such character as to make the street unsafe for use by persons in the exercise of reasonable care, and that an ordinarily prudent person ought reasonably to have anticipated that some injury would probably result therefrom to a person when using the street and exercising reasonable care and caution in so doing? This question must be answered in the negative. It will not be sufficient to say that injury to such a person was possible, and therefore the appellant was liable to the appellee for her injury. In order to render the appellant liable to the appellee injury to some one because of the crevice must have been so probable that a reasonably prudent man should have anticipated that probability. [Emphasis added]

172 Miss. at 123, 159 So. at 123.
In Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473 (Miss. 1967), the plaintiff tripped over a curb in stepping from the parking lot onto the sidewalk on the store premises. In affirming a directed verdict for the defendant, we held:
The owner of a business is not an insurer of the customers using the parking lot and sidewalks, and is not liable for injuries caused by conditions which are not dangerous or which are or should be known or obvious to the customer. [Emphasis added]

203 So.2d at 476.
In reversing and rendering a judgment for the plaintiff in General Tire & Rubber Co. v. Darnell, 221 So.2d 104 (Miss. 1969), and in speaking of an actually dangerous condition, we held:
The invitee is required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstances.
[I]n the usual case, there is no obligation to protect the invitee against dangers which are known to him or which are so obvious and apparent to him that he may reasonably be expected to discover them... . Prosser, Law of Torts, 403, 404 (3rd ed. 1964)
Id. at 107.
In Mercy Regional Medical Center v. Doiron, 348 So.2d 243 (Miss. 1977), in reversing and rendering a judgment for the plaintiff in which she fell down some steps that had no handrail, we held:
We are of the opinion that plaintiff's injury belongs to that class of ordinary accidents which are properly imputed to the carelessness or the misfortune of the one injured.
Id. at 246.
In Daniels v. Morgan & Lindsey, Inc., 198 So.2d 579 (Miss. 1967), we affirmed a directed verdict for the defendant where the plaintiff fell on a freshly waxed floor. We held duty of owner was only to make premises "reasonably safe."
In First National Bank of Vicksburg v. Cutrer, 214 So.2d 465 (Miss. 1968), the plaintiff stepped from the street up twelve inches onto a concrete platform and turned her ankle on a broken off place. The condition had existed for a number of years. In reversing a judgment for the plaintiff, we held:
(1) The owner of a business is not an insurer of the safety of its customers using its premises, including its entrances; (2) The owner of a business owes its invitees a duty to use reasonable care to maintain its premises including entrances maintained by it, in reasonably safe condition for those using reasonable care for their own safety; and (3) the owner is not required to anticipate or foresee unusual and improbable results as a consequence of the condition of the premises. In our opinion the application of these rules to the facts of the case now before the Court resolves the case in favor of appellant. The photographs show that the cracks on the edge of the concrete riser are not unreasonably dangerous to a person using reasonable care *1228 for his own safety. If the plaintiff had placed her foot on top of the concrete riser, the only reasonable manner of using such a facility, no injury would have resulted. [Emphasis added]

214 So.2d at 466.
In Lucas v. Buddy Jones Ford Lincoln Mercury, Inc., 518 So.2d 646, 648 (Miss. 1988), we held that as to an invitee, the owner "only owed her the duty of exercising reasonable care to keep the premises safe, or of warning Lucas of hidden or concealed perils of which appellee knew or should have known in the exercise of reasonable care." [Emphasis original]
Finally, in Kroger, Inc. v. Ware, 512 So.2d 1281 (Miss. 1987), in reversing and rendering a judgment for the plaintiff, who had stumbled over a curb in the parking lot, we held:
In fact, there is no liability for injuries, where the condition is not dangerous, or where the condition is, or should be, known or obvious to the invitee. [Citations omitted]
... Indeed, Ware encountered a condition, which was permanent, in place, known, and obvious  a factual setting bearing no resemblance to cases in which we have found a jury question to exist. [Emphasis added]

Id. at 1282.
Thus, we have repeatedly held the owner of premises:
(1) is not an insurer of the invitee's safety,
(2) has only a duty to keep the premises reasonably safe, and
(3) when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.
A case should never be taken from the jury if, from the facts favorable to the party adversely affected together with all reasonable inferences therefrom, it can be said that a rational jury could find in his favor. Read v. Southern Pine Electric Power Ass'n, 515 So.2d 916, 919 (Miss. 1987); White v. Hancock Bank, 477 So.2d 265, 269 (Miss. 1985); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975). This Court is never unmindful of this rule.
According to Scarborough, he raised the threshold three-quarters of an inch. A person entering the building from the sidewalk through this door was obliged to step up two to three inches in any event. By any stretch of the imagination can it be said that the entrance to this building was not reasonably safe? And, it is impossible to envision this doorway as creating a danger of some kind, in some way different from thousands of like doorways. Moreover, it was open and obvious.
If this Court were to hold a jury question was made on whether this doorway was not reasonably safe, we would have to say a jury question is made as to any doorway from the street which is not on the same level as the street. Property owners would indeed be insurers of invitees' safety.
We must conclude that the circuit judge correctly directed a verdict in favor of the defendant.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in result only.