769 So.2d 261 (2000)
Lisa D. MARTIN and Jamie M. Martin, Appellants,
v.
B.P. EXPLORATION & OIL, INC., John Doe Architect, Bullock Construction Co., Inc., John Doe Subcontractor and Gregory F. Cooksey, Appellees.
No. 1999-CA-01558-COA.
Court of Appeals of Mississippi.
October 17, 2000.
*262 Michael J. Malouf, Charles Eric Malouf, Jackson, Attorneys for Appellants.
Robert S. Addison, Michael Clayton Barefield, Heber S. Simmons, III, C. York Craig, III, Jackson, Attorneys for Appellees.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
BRIDGES, J., for the court:
¶ 1. Lisa Martin appeals the decision of the Hinds County Circuit Court granting summary judgment to Appellees, B.P. Exploration & Oil Inc. (B.P. Oil) and Gregory Cooksey. We reverse and remand for further proceedings.

FACTS
¶ 2. Lisa Martin was a passenger in a vehicle driven by Jeannie Harrell. Harrell drove the vehicle into the parking lot of a B.P. Oil gas station in Pearl, Mississippi. The station was leased, operated, and run by Gregory Cooksey. Harrell drove her vehicle to the side of the station where the restrooms were located. Martin exited the vehicle and, through an exterior door, entered the ladies room. Upon exiting the ladies room, Martin stepped on an allegedly, poorly constructed access ramp injuring her left ankle. Subsequently, Martin underwent two surgeries on her ankle.
¶ 3. In an affidavit and deposition, Harrell indicated that she was a regular B.P. Oil customer, though she usually patronized the B.P. Oil station in Pelahachie. Harrell indicated that she intended on entering the B.P. Oil station on the day in *263 question to purchase a soda but was prevented from doing so because of Martin's injuries. Harrell stated in her deposition that the reason she pulled into the B.P. Oil station was because of Martin's urgent need to use the restroom.
¶ 4. Martin stated in her affidavit that she entered the B.P. Oil station ladies room with the understanding that it was open to the public. She stated that when she entered the restroom she did not notice that the access ramp was off-centered from the door. Martin stated that as she exited the restroom she stepped on the side of the ramp injuring her left ankle. An expert hired by Martin indicated in a sworn affidavit that the ramp to the B.P. Oil station restroom in question was constructed in such a way that it created a dangerous condition resulting in unreasonable risk for the general public. The expert also explained that the construction of the ramp was in violation of several building codes.
¶ 5. Martin filed her complaint asserting theories of negligence against B.P. Oil, Cooksey, and Bullock Construction Co., the company who built the access ramp. B.P. Oil and Cooksey denied any liability and moved the circuit court for a summary judgment arguing that because there were no disputed facts, they were entitled to a summary judgment. The lower court agreed determining that there were no genuine issues of material fact left in dispute, that Martin was a mere licensee at the time of the accident, that Cooksey nor B.P. Oil breached any duty owed to Martin, and that consequently, Cooksey and B.P. Oil were entitled to a summary judgment.
¶ 6. Martin appeals challenging the circuit court's determination of her status as a licensee. She contends that she was an invitee. Alternatively, she asserts that even if her status was that of a licensee, a jury issue was created concerning the presence of a hidden danger or trap on the property in question which entitled her additional protection.

STANDARD OF REVIEW
¶ 7. Our review here is de novo. McGee v. Swarek, 733 So.2d 308 (¶ 10) (Miss.Ct.App.1998). This Court is to decide for itself whether summary judgment is proper. Id. "We afford no deference to the trial court's decision." Id. (citing Stonecipher v. Kornhaus, 623 So.2d 955, 960 (Miss.1993)). We are called to review the entire record on appeal to decide if, in the view of this Court, a grant of summary judgment is appropriate. Id. If we independently arrive at that conclusion that summary judgment was warranted, we will affirm. Id.
¶ 8. It is well-settled that under Mississippi Rules of Civil Procedure Rule 56, summary judgment is appropriate when there are no disputed issues of material fact and that the moving party is entitled to prevail as a matter of law. M.R.C.P. 56; Yowell v. James Harkins Builder, Inc., 645 So.2d 1340, 1343 (Miss. 1994). However, when deciding whether summary judgment is appropriate, we must view the evidence in a light most favorable to the non-movant. Brent Towing Co., Inc. v. Scott Petroleum Corp., 735 So.2d 355 (¶ 12) (Miss.1999). Furthermore, the non-movant is granted the benefit of all inferences that can be adduced from the evidence. Id.

DISCUSSION
¶ 9. The primary issue involves whether Martin was an invitee or a licensee at the time of her accident. Martin's status as an invitee or licensee is significant because Mississippi defines the duty a premises owner owes to a person injured on his property pursuant to his classification as a trespasser, licensee or invitee. Little v. Bell, 719 So.2d 757 (¶ 14) (Miss. 1998). Mississippi case law declares that an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage, while *264 a licensee is one who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner. Hoffman v. Planters Gin Co., Inc., 358 So.2d 1008, 1011 (Miss.1978). To a licensee, a landowner owes a duty to refrain from willfully or wantonly injuring him. Little, 719 So.2d at 760 (¶ 16). However, a premises owner owes an invitee the duty to use ordinary care to have the premises in a reasonably safe condition for use in a manner consistent with the purposes of the invitation. Id. Additionally, the Mississippi Supreme Court has held that a premises owner: (1) is not an insurer of the invitee's safety, (2) has only a duty to keep the premises reasonably safe, and (3) when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view. McGovern v. Scarborough, 566 So.2d 1225, 1228 (Miss.1990). The Mississippi Supreme Court delineated between the definitions of a business and public invitee in Clark v. Moore Memorial United Methodist Church, 538 So.2d 760, 763 (Miss.1989). A business invitee is one who is invited to enter or remain on the premises for a purpose connected with the business, while a public invitee is characterized as one who is invited to enter or remain on the premises as member of the public for a purpose for which the land is held open to the public. Id.
¶ 10. Martin argues first that she was an invitee. Alternatively, she argues that she was an invitee because she was a guest of invitee Harrell. Martin submits that Cooksey and B.P. Oil benefitted from Harrell's presence on the premises as a regular B.P. Oil customer. Further, she argues that B.P. Oil advertises locally and nationally for its service station chain and that they both benefit from persons patronizing the stations even if the only purpose of one of a customer's visits is to use the restroom facilities. Even if she was not a business invitee, Martin argues that she was a public invitee on the basis that Cooksey and B.P. Oil were aware of the general public's use of their restrooms.
¶ 11. B.P. Oil argues that the difference between invitee and licensee status is one of invitation versus permission. In making its argument, B.P. Oil relies on the RESTATEMENT (SECOND) OF TORTS § 332 (1965) which concludes that an invitation, direct or implied, is essential to one's status as an invitee. The treatise states:
an invitation differs from mere permission in this: an invitation is conduct which justifies others in believing that the possessor desires them to enter the land; permission is conduct justifying others in believing that the possessor is willing that they shall enter, if they desire to do so....
Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee, ... but it does not make him an invitee....
RESTATEMENT (SECOND) OF TORTS § 332 (1965). B.P. Oil contends that Martin failed to show any proof that B.P. Oil engaged in any conduct which led her to believe that they desired her to use its restroom. B.P. Oil concedes, however, that Martin had the implied permission of B.P. Oil to use its facilities.
¶ 12. Cooksey advances a similar argument contending there has been no showing that Martin has ever patronized a B.P. Oil station or that she ever intended on doing so. Further, Cooksey argues that Martin was not an invitee of the gas station because his station was not benefitted by Harrell making regular purchases at other B.P. Oil stations. Cooksey maintains that Martin's single use of the restroom facilities at his station were solely for her own convenience and that the evidence shows that the only reason Harrell stopped at the Pearl gas station was because of Martin's need to use a restroom. Cooksey points out that Harrell indicated that she intended on going inside the station to purchase a beverage, but that Harrell did not indicate that she had stopped at the station for that purpose despite Martin's need to find a restroom. Cooksey *265 concedes that he consented to the use of his restrooms by the public, but objects to the assertion that he offered an invitation to the public to "gratuitously use his restrooms."
¶ 13. The Mississippi Supreme Court has embraced the definitions of invitee as provided in the RESTATEMENT OF TORTS (2d) § 332 (1965) which provides that:
(1) An invitee is either a public invitee or a business visitor.
(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.
See Clark, 538 So.2d at 763. Comment c of the RESTATEMENT OF TORTS (2d) § 332 (1965) provides in pertinent part:
In determining whether a particular person is an invitee, the important thing is the desire or willingness to receive that person which a reasonable man would understand as expressed by the words or other conduct of the possessor. It is immaterial that the person is one whom the possessor is not willing to receive as an invitee if the possessor's words or other conduct are understood, and would be understood by a reasonable man, as indicating the possessor's willingness. The nature of the use to which the possessor puts his land is often sufficient to express to the reasonable understanding of the public, or classes or members of it a willingness or unwillingness to receive them. Thus the fact that a building is used as a shop gives the public reasons to believe that the shopkeeper desires them to enter or is willing to permit their entrance, not only for the purpose of buying, but also for the purpose of looking at the goods displayed therein or even for the purpose of passing through the shop. This is true because shopkeepers as a class regard the presence of the public for any of these purposes as tending to increase their business.
¶ 14. The Supreme Court of Wyoming was faced with facts similar to the fact in our case in Sinclair Refining Company v. Redding, 439 P.2d 20 (Wyo.1968). Like Mississippi, Wyoming falls within the minority of states which adhere to the common law distinctions between invitees, licensees, and trespassers. Thunder Hawk v. Union Pac. R.R., 844 P.2d 1045, 1048 (Wyo.1993). In Redding, the plaintiff was injured when she tripped over a cap on a pipe which was used to carry gas from trucks to the underground tanks. Redding, 439 P.2d at 21. The plaintiff admitted that her only reason for stopping at the gas station was to use the restroom. Id. In affirming the trial court's judgment for the plaintiff, the Wyoming Supreme Court recognized that a business such as gas station does not maintain its restroom facilities for the sake of public convenience. Rather, the Wyoming court found that the facilities serve as an "added inducement to patronage" and are incident to the business itself. Id. at 23.
¶ 15. It is arguable that proprietors of service stations do not maintain restrooms as a courtesy to the public, and it is logical that providing restrooms is another way to bring customers into the store. Further, whether or not one buys an item or intends to make a purchase at a certain business on a particular visit does not necessarily control their classification in cases of injury. The Redding court noted that restricting invitee classification to those who actually buy or intend to buy something from a business might "encourage plaintiffs to be less than ingenuous in their testimony on the reasons for entering a particular building or property." Redding, 439 P.2d at 23 (citing 2 Harper and James, Law of Torts, p. 1483, n. 30 (1956)).
¶ 16. While the Appellees state that Martin had mere permission to stop and use the restroom facilities, a reasonable *266 jury could find that what really existed was an implied invitation. Gas stations provide restrooms to lure customers into patronage and market their stations in such a way that those traveling the roads naturally believe that the stations which they patronize for gas and other items also invite them to use the restroom facilities when they are needed.
¶ 17. In this case, the restroom was located on the outside of the building and was unlocked. These circumstances could lead a reasonable jury to find that there is a desire or at least a willingness on the part of the store owner(s) to have them use the restroom with the hope that the person would patronize the store then or on some other occasion. The RESTATEMENT (SECOND) OF TORTS § 332 (1965) offers further clarity of an invitation in this context:
The nature of the use to which the possessor puts his land is often sufficient to express to the reasonable understanding of the public, or classes or members of it, a willingness or unwillingness to receive them. Thus the fact that a building is used as a shop gives the public reason to believe that the shopkeeper desires them to enter or is willing to permit their entrance, not only for the purpose of buying, but also for the purpose of looking at the goods displayed therein or even for the purpose of passing through the shop. This is true because shopkeepers as a class regard the presence of the public for any of these purposes as tending to increase their business.
¶ 18. The maintenance and operation of restrooms is incident to the Appellees' business as a gas station. Cooksey and B.P. Oil enjoyed Martin's presence on the premises of the gas station as a potential for an increase in their business and economic benefit. Whether a purchase was made or was to be made during Martin's visit is immaterial. Martin stated in an affidavit that she was a frequent B.P. Oil customer. Not only is it natural that she choose a B.P. Oil station for any need that she may have, but it is also in the best interest of Cooksey and B.P. Oil that she do so, as such incidental visits indicate some semblance of loyalty to B.P. stations as a whole.
¶ 19. We find that a jury issue was created as Martin's classification as an invitee or licensee. The facts as to whether an invitation to use the premises existed or whether Martin was given permission to use the restroom are in sufficient dispute so that the award of summary judgment was inappropriate.
¶ 20. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT ENTERING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES IS REVERSED AND THE CASE IS REMANDED FOR FURTHER PROCEEDINGS. APPELLEES ARE ASSESSED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.